### Ex Parte Emma Hardcastle.

#### No. 5230.   Decided January 22, 1919.

**1.—Venereal Disease—Habeas Corpus—Statutes Construed.**

Where relator was held under an order of the city health officer by virtue of quarantine regulations established in accord with chapter 85 of the Acts. of the Fourth Called Session of the Thirty-fifth Legislature, under a statement of the order of arrest that, according to the information of the said. health officer relator is affected with a communicable venereal disease, she was entitled to a writ of habeas corpus hearing touching the existence of the facts. upon which such officer acted.

**2.—Same—Police Power—Quarantine Regulations—Arrest—Due Process. of Law.**

The Legislature, under the police power, has authority to authorize the establishment of quarantine regulations for the protection of the public against. contagion from those persons whose condition is such as to spread the disease, and incident thereto, to authorize the arrest and detention of such persons, but the person so arrested has the right to have the legality of his detention inquired into by a proper court in a habeas corpus proceeding, and if these facts do not exist to release the relator.

**3.—Same—Constitutional Law—Statutes of Other States.**

Our Constitution and the quarantine regulations thereunder do not admit of the construction that the initial order of arrest shall be conclusive as in other States, and while it accords the health officer the power to order the arrest and detention of persons affected with contagious disease, the latter has the right to invoke the decision of the established tribunals of the State upon questions raised, either of fact or law involving the validity of the, detention.

**4.—Same—Writ of Habeas Corpus—Right of Hearing.**

Under the Act of the Legislature, supra, the relator had the right to a hearing on writ of habeas corpus and thereby obtain release if the facts did. not exist for which she was arrested, and these facts not being available in this court the case is referred for hearing to the district judge of the judicial. district in which relator resides.

From Bexar County.

Original habeas corpus proceeding asking for release from arrest by the city health officer charging relator with a communicable venereal disease.   .   .

The opinion states the case.

*Fred N. Cowen* and *Leonard Brown,* for relator.—On question of right for writ of habeas corpus: Aaron v. Broiles et al., 64 Texas, 316; Sawyer v. State Board of Health, 125 Mass., 182.

*B. F. Looney,* Attorney General, *E. B. Hendricks,* Assistant Attorney General, *D. A. McAskill,* District Attorney, Bexar County, *Geo. M. Thurmond,* Assistant District Attorney, *W. A. Keeling,* and *C. M. Cureton,* Assistant Attorneys General, for the State.—On question of police power: 12 Ruling Case Law, 1864; Blue v. Beach, 50 L. R. A., 64; Holden v. Hardy, 169 U. S., 366.

Power of health authorities: 12 Ruling Case Law, 1268; State v. Zimmerman, 58 L. R. A., 78; Aaron v. Broyles, 64 Texas, 316; Board of Health v. Kollman, 49 L. R. A., 354; Zucht v. San Antonio School Board, 170 S. W. Rep., 840.

· On question of notice and hearing: Miles City v. State Board of Health, 25 L. R. A., 589; State v. Milwaukee, 133 Amer. State Rep., 1060; State v. Superior Court, 174 Pac. Rep., 973; Manigault v. Springs, 199 U. S., 473; Barbier v. Connoly, 113 U. S., 27; Ekiu v. United States, 142 U. S., 651; United States v. Jung Ah Lung, 124 U. S., 621.

MORROW, JUDGE.—This is a habeas corpus proceeding in which the relator is held under an order of the city health officer of San Antonio, by virtue of quarantine regulations established in accord with chapter 85 of the Acts of the Fourth Called Session of the Thirty-fifth Legislature, under a statement of the order of arrest that, according to the information of the health officer, relator is affected with gonorrhea.

The form of the order is not involved, the agreed statement of facts containing the following: "It is further agreed that the sole issue in the case is whether or not the decision of the proper health officer is final or whether the same can be inquired into by writ of habeas corpus."

The Legislature, under the police power, has authority to authorize the establishment of quarantine regulations for the protection of the public against contagion from those persons whose condition is such as to spread disease, and incident thereto, to authorize the arrest and detention of such persons; and such, we understand, is the purpose of the statute in question. Under its terms, the proper health officer may issue a warrant by virtue of which a lawful arrest may be made without preliminary thereto affording the person affected a hearing; but if after arrest such person challenges the right of the authorities to continue the detention the fundamental law accords him the right to have the legality of his detention inquired into by a proper court in a habeas corpus proceeding. The law denies to no one restrained of his liberty without a hearing the right to prove in some tribunal that the facts justifying his restraint do not exist. Ruling Case Law, vol. 6, p. 435, sec. 449. The health authorities causing the arrest of relator derive

their power to do so from the alleged existence of the fact that the relator is affected with the disease mentioned, and, that her detention is required in the public interest to prevent contagion. If these facts do not exist, the officer has no jurisdiction to continue the restraint and the court in the habeas corpus proceeding has authority to inquire whether the facts essential to jurisdiction exist. Ex parte Degener, 30 Texas Crim. App., 566.

The decision of the Supreme Court of Washington, to which we have been referred as illustrating an exception to this rule, does not, we think, extend so far as to support the contention of the respondent that the decision of the health officer who ordered the arrest of the relator is conclusive against her right to an inquiry in a habeas corpus hearing touching the existence of the facts upon which such officer acted. The Washington decision construed a statute passed under a special provision of the Constitution of that State, authorizing the "establishment of boards of health with such powers as the Legislature may direct." The statute enacted under this power did not make the initial order of arrest conclusive but established the board of health as a forum of appeal, and specially provided that its decision reviewing that of the health officer should be final. (State v. Superior Court, 174 Pac. Rep., 973.)

Our Constitution, unlike that of the State of Washington, contains no special provision on the subject, but the power to establish quarantine, as existent under our Constitution, is an incident of the police power vested in the Legislature under the general power to pass laws. Our statute does not declare that the initial order of arrest shall be conclusive; nor does it designate any tribunal to whom one detained under an order of arrest issued by the health officer may appeal for a hearing. The fair and reasonable interpretation of the statute under which relator is held, we think, is that which accords the health officer the power to order the arrest and detention, leaving to the person detained the right to invoke the decision of the established judicial tribunals of the State on questions raised. either of fact or law involving the validity of the detention.

We conclude that under the Act of the Legislature in question the relator had the right to a hearing on writ of habeas corpus, and therein to prove the non-existence of the facts necessary to authorize her continued detention and thereby obtain release. Facts essential to determine whether she should or should not be held not being available in this court, it is ordered that the writ of habeas corpus prayed for be granted and that it be referred for hearing to the Hon. R. B. Minor, judge of the Fifty-seventh Judicial District of Texas.

*Writ granted.*