## Ex parte VEMA ROMAN.

No. A-4012.   Opinion Filed July 9, 1921.
(199 Pac. 580.)

(Syllabus.)

1.   **Health—Police Power—Quarantine Regulations.** The Legislature under the police power has authority to authorize the establishment of quarantine regulations for the protection of the public against contagion from those persons whose condition is such as to spread disease, and, incident thereto, to authorize the arrest and detention of such person.

2.   **Habeas Corpus—Legality of Detention in Penal Institution as Infected Person.** Habeas corpus lies to inquire into the legality of the detention of any person detained in a penal institution as an infected person after the expiration of his or her sentence.

3.   **Habeas Corpus—Right to Hearing of One Restrained of Liberty.** The law denies to no one restrained of his liberty without a hearing the right to prove in some tribunal that the facts justifying his restraint do not exist.

Habeas corpus proceedings by Vema Roman against Madeline M. Conklin, superintendent of the State Industrial School for Girls. Petitioner discharged.

H. J. Mackey, D. G. Johnson, and A. H. Meyer, for petitioner.

The Attorney General and W. C. Hall, Asst. Atty. Gen., for respondent.

DOYLE, P. J.  This is a proceeding by habeas corpus to test the legality of the detention of Vema Roman by Madeline M. Conklin, superintendent of the State Industrial School for Girls, under a commitment issued out of the county court of Caddo county, under date of May 16, 1916.

It is averred in the petition that the writ of habeas corpus was granted in the district court of Oklahoma county, and that on the hearing before Judge Oldfield, one of the judges of said district court, the writ was discharged, and petitioner remanded.  It is further averred that said Vema Roman was committed to said school when of the age of 13 years; that she attained her majority on the 18th day of March, 1921, and is therefore entitled to her discharge.

Respondent, answering, says that she is holding said petitioner pending the determination of the State Board of Health as to whether or not said petitioner was afflicted with an infectious venereal disease, as required by law under the provision of chapter 17, Sess. Laws 1919.  Section 8 of said chapter reads:

"The keeper, manager, guard or person in control of every prison or penal institution in this state, shall cause to be examined every person who shall be confined in such prison or penal institution after conviction for any offense against the laws of the state or any municipality thereof, to determine whether such person is an infected person.  Every such person found to be an infected person, after the expiration of his or her sentence, shall be kept in such prison or some other suitable place for treatment until pronounced cured by a physician and discharged by the health authorities of this state.  Where such infected person is unable to pay for such treatment the same shall be furnished and administered at the public expense by the state, county or municipality in whose prison such infected person may be confined; provided, however, that where infected persons have served their full sentence to such prison, the Board of Health may permit such infected person to leave

such prison and to stay at home, or other suitable place before being cured, if, in the judgment of the said Board of Health, such infected person is able to do so, and will continue proper treatment for such venereal disease. State, county and municipal health officers, or their authorized deputies who are physicians within their respective jurisdictions, are hereby directed and empowered, when in their judgment it is necessary to protect the public health, to make examinations of persons convicted for sex offenses and to detain such persons until the results of such examinations are known. Any keeper, manager, guard, or other person in control of any such prison or penal institution who shall knowingly violate any of the provisions of this section, shall be deemed guilty of a misdemeanor and be punished by fine of not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) or by confinement in the county jail for a term of not less than three (3) months nor more than one (1) year, or by both such fine and imprisonment.''

The power of the Legislature to prevent the introduction and spread of infectious and contagious diseases cannot be questioned, and the power to make quarantine regulations is one of the most important conferred upon the health authorities, and such regulations constitute a proper exercise of police power. 12 R. C. L. 1285, 1290. However, if, after such arrest or detention, such person challenges the right of the authorities to continue the detention, the fundamental law affords such person the right to have the legality of his or her detention inquired into by a court of competent jurisdiction in a habeas corpus proceeding. The law denies to no one restrained of his liberty without a hearing the right to prove in some tribunal that the facts justifying his restraint do not exist. 6 R. C. L. p. 435.

If those facts do not exist, the officer has no jurisdiction to continue the restraint, and the court in a habeas corpus proceeding has authority to inquire whether the facts essential

to jurisdiction exist. Ex parte Hardcastle, 84 Tex. Cr. R. 463, ·208 S. W. 531, 2 A. L. R. 1539. '

By agreement of the parties in this case an examination .as required by law was held, and the State Board of Health reported that petitioner was not at this time afflicted with .any infectious disease in a communicable stage, and it was further agreed by the parties that the facts necessary to auth- ·orize petitioner's continued detention do not exist.

It follows that the petitioner is entitled to her discharge, .and it is so ordered.

MATSON and BESSEY, JJ., concur. `