## EX PARTE JUANITA GILBERT.

No. 20,871. Delivered January 17, 1940.

The opinion states the case.

*W. W. Ballard,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

This is a habeas corpus proceeding in which the relator

is held under the order of the City Health Officer of Wichita Falls pursuant to the provisions of Art. 4445, Revised Civil Statutes. It is shown that the relator was ordered restrained because she was believed to be a menace to the public health by virtue of being a prostitute afflicted with syphilis. Relator makes no contention that her restraint is illegal but insists that she should have been accorded a postponement of the hearing in order that she might prepare to show that she was not at the time suffering from syphilis. We think the record clearly shows that the relator knew why she was being restrained. Hence she should have been prepared for the hearing at the time she applied for the writ of habeas corpus. At all events, we do not understand that in this proceeding she can question the action of the judge below in declining to postpone the hearing. The proof adduced by the State at the hearing was to the effect that relator was a prostitute and was suffering from syphilis. We quote from Ex parte Hardcastle, 208 S. W. 531, as follows:

"The Legislature, under the police power, has authority to authorize the establishment of quarantine regulations for the protection of the public against contagion from those persons whose condition is such as to spread disease, and, incident thereto, to authorize the arrest and detention of such persons; and such, we understand, is the purpose of the statute in question. Under its terms, the proper health officer may issue a warrant by virtue of which a lawful arrest may be made without preliminary thereto affording the person affected a hearing; but if, after arrest, such person challenges the right of the authorities to continue the detention, the fundamental law accords him the right to have the legality of his detention inquired into by a proper court in a habeas corpus proceeding. The law denies to no one restrained of his liberty without a hearing the right to prove in some tribunal that the facts justifying his restraint do not exist. Ruling Case Law, Vol. 6, p. 435, Sec. 449. The health authorities causing the arrest of relator derive their power to do so from the alleged existence of the fact that the relator is affected with the disease mentioned, and that her detention is required in the public interest to prevent contagion. If those facts do not exist, the officer has no jurisdiction to continue the restraint and the court in the habeas corpus proceeding has authority to inquire whether the facts essential to jurisdiction exist. Ex parte Degener, 30 Tex. App. 566, 17 S. W. 1111."

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.