

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

January 29, 1964

Honorable R. L. Lattimore
Criminal District Attorney
Hidalgo County
Edinburg, Texas

Opinion No. C-210

Re: Whether local city and county
health officers have legal
authority to issue warrants
of arrest for the removal of
persons infected with tuber-
culosis in an infectious and
contagious state to a state
tuberculosis hospital.

Dear Mr. Lattimore:

You have requested an opinion of this office in regard to the
captioned matter. Article 4477-11,Vernon's Civil Statutes, cited
as the Texas Tuberculosis Code, provides in Section 5(c) there-
of as follows:

"Any person who violates the
provisions of Section 4(d), or who
fails to follow the directions of the
local health authority, or who fails
to follow the directions of his attend-
ing physician pursuant to Section 4(c),
or who in the opinion of the local
health authority cannot be treated with
reasonable safety to the public, at
home, may be quarantined, as that term
is hereinafter defined, and the local
health authority may direct, pursuant
to rules and regulations promulgated
by the Department, the removal of the
person to a suitable place for examina-
tion, and if such person is found to
be infected with tuberculosis in an
infectious and contagious state, then
such person may be quarantined, as that
term is hereinafter defined, until such
person is no longer in an infectious
and contagious state.

"Quarantine, as used in this Section,
means the limitation of movement and se-
paration, during that period of time

-1013-

> while infectious and contagious, from
> other persons not so infected, in such
> places and under such conditions as will
> prevent the direct or indirect conveyance
> of such infectious or contagious condi-
> tion to others not so infected.
>
> "A person found to be infected with
> tuberculosis in an infectious and con-
> tagious state and quarantined under the
> provisions of this Section may be placed
> in any place suitable for the detention
> and segregation required under the pro-
> visions of this Section.  If suitable
> facilities are not available within the
> jurisdiction of the local health authority,
> then in such event, the person so quaran-
> tined may be transported to a State
> tuberculosis hospital designated by the
> Board.  The Board is hereby empowered and
> directed to provide suitable facilities
> for detention of such individuals."
> (Emphasis supplied)

You note in your request that such article does not specifically empower the issuance of warrants of arrest by local health authorities.  However, the Department is given specific power to promulgate rules and regulations in the enforcement of its quarantine power.

Article 4477-11 has not been construed by the courts of this state.  However, Article 4445, Vernon's Civil Statutes, has been several times construed by the Court of Criminal Appeals. This statute has always provided for quarantine of persons suffering from venereal disease, without, however, any express provision for the issuance of warrants of arrest by local health authorities and without any delegation of authority to the State Department of Health for promulgation of rules and regulations.

In Ex Parte Hardcastle, 208 S.W. 531 (Tex.Crim 1919), the relator was held under a warrant issued by the San Antonio City Health Officer by virtue of his quarantine established under Article 4445; (then reading in its applicable parts exactly as it does now). The Court stated, even though the statute contained no express provision authorizing the issuance of arrest warrants, that

> "The Legislature, under the police
> power, has authority to authorize the

establishment of quarantine regulations
for the protection of the public against
contagion from those persons whose con-
dition is such as to spread disease, <u>and,
incident thereto, to authorize the arrest
and detention of such persons; and such,
we understand, is the purpose of the
statute in question.  Under its terms,
the proper health officer may issue
a warrant by virtue of which a lawful
arrest may be made without preliminary
thereto affording the person affected
a hearing</u>; but if, after arrest, such
person challenges the right of the
authorities to continue the detention,
the fundamental law accords him the
right to have the legality of his
detention inquired into by a proper
court in a habeas corpus proceeding.
The law denies to no one restrained
of his liberty without a hearing the
right to prove in some tribunal that
the facts justifying his restraint do
not exist.  Ruling Case Law, vol. 6,
p. 435, § 449.  The health authorities
causing the arrest of a relator derive
their power to do so from the alleged
existence of the fact that the relator
is affected with the disease mentioned,
and that her detention is required in
the public interest to prevent contagion.
If those facts do not exist, the officer
has no jurisdiction to continue the
restraint and the court in the habeas
corpus proceeding has authority to in-
quire whether the facts essential to
jurisdiction exist.  **Ex parte Degener,**
30 Tex.App. 566, 17 S.W. 1111." (Emphasis
supplied)

Again, the same conclusion has been reached by the Court in **Ex
Parte James**, 181 S.W.2d 83 (Tex.Crim. 1944); and **Ex Parte Gilbert**,
135 S.W.2d 718 (Tex.Crim. 1940), under the same state of facts
as existed in <u>Hardcastle</u>.  These cases stand for the proposition
that a grant by the Legislature to the health authorities of the
power to quarantine necessarily carries with it the power to
issue warrants of arrest.  Since the powers conferred upon the
health authorities by the **Tuberculosis Code** are much greater than

those conferred by Article 4445, it would follow that at least the same powers may be exercised by them as have been approved by the Court in the cases cited above.

## SUMMARY

Local city and county health officers are authorized to issue warrants of arrest for the removal of persons infected with tuberculosis in an infectious and contagious state to a tuberculosis hospital under the provisions of Article 4477-11, V.C.S.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: CHARLES B. SWANNER
Assistant Attorney General

CBS/ls

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
C. L. Snow
V. F. Taylor
Robert Smith
W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone