### L. R. Allen v. The State.

No. 11263.   Delivered January 11, 1928.

**1.—Transporting Intoxicating Liquor—Continuance—No Diligence Shown—Properly Refused.**

Where appellant was indicted on May 23, 1927, and counsel for appellant notified by the court that the case would be tried on May 26, but no application for a subpoena was made, the motion for a continuance was properly overruled, no diligence being shown.

**2.—Same—Discretion of Court—Properly Exercised.**

Where appellant, as a reason for his failure to issue process for his witnesses, claimed that the District Attorney had agreed that the case would not be tried during the current week. This was denied by the District Attorney and evidence was heard by the trial court on the issue. In finding against appellant, we are unable to see that there was any abuse of judicial discretion by the court.

**3.—Same—New Trial—When Granted.**

In some cases, when diligence is not shown, and the materiality and importance of the absent testimony is made to appear so cogently on the trial that we conclude that a new trial should have been granted. In this case, however, the testimony of the absent witness, unsupported by affidavits, is not shown to be of that cogent character that would entitle appellant to a new trial in the absence of any diligence to secure the presence of the witnesses.

Appeal from the District Court of Collingsworth County. Tried below before the Hon. C. C. Small, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*R. H. Cooke,* for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor, punishment one year in the penitentiary.

The facts in the case show transportation of intoxicating liquor by appellant. He was arrested on Saturday, May 21, 1927, indicted May 23rd, convicted May 26th, and sentenced May 27th. Apparently small ground exists for complaint at the slow movement of the "Mills of the Gods" in Collingsworth County.

The only question arises from the refusal of a continuance. It appears from the record that on the 22nd of May, the attorney for the accused was told by the judge of the trial court that the grand jury would be convened on the 23rd of the same month to consider this case, and if an indictment was returned the case would be tried during that week. An indictment was returned on the 23rd, and instead of applying for process for witnesses, the efforts of appellant and his attorney seem to have been directed to getting bond—the attorney leaving for Gray County to get bondsmen to make the bond, being gone one or two days. Not until the 25th of May was any list of witnesses given to or gotten by appellant's attorney. When so obtained, there is no showing that application for process was made. It is not claimed in the application for continuance made on the 26th of May, that process had been issued or asked for. Clearly no diligence appears.

It is asserted by appellant's attorney, as reason for this, that the District Attorney had told him that the case would not be tried that week. This was specifically denied by the District Attorney and was thus made an issue, the settlement of which was primarily for the trial court, and for this court only in case it appears that the discretion of the court below was abused. We are not led to conclude—either in regard to the refusal to continue, or to grant a new trial—that such discretion was exceeded. It sometimes happens when diligence is not shown, that the materiality and importance of the absent testimony is made to appear so cogently on the trial that we conclude a new trial should have been granted. In this case appellant said he wanted a continuance for witnesses Lee and Stewart to prove that the box containing the ten jars of liquor was put in the car driven by appellant without his knowledge; also a witness named Allen, to prove that the car driven by appellant belonged to a Mr. Ladd, who had instructed appellant to get a box of goods or tools from a man at a restaurant in Granite, Oklahoma, on the trip in question. Other witnesses

were named in the application, but nothing is stated as expected from them.  As stated above, not the slightest effort was made to obtain the presence or testimony of any witness.  The witness Allen was stated to be at Shamrock, which is only a few miles from Wellington, where the case was tried.  The other witnesses lived just across the border in Oklahoma.  Appellant did not take the stand, nor did he introduce any witness whose testimony can be looked to as suggesting that if the absent witnesses were present they would have given the testimony stated as expected of them, nor that such testimony, if given, would likely be true.  No effort appears to procure any affidavits from any witness in support of the motion for new trial.

The judgment is affirmed.                    *Affirmed.*