### Ex Parte E. B. Oakley.

No. 4177.    Decided December 2, 1908.

**1.—Habeas Corpus—Custody of Defendant—Practice in District Court.**

Where the record on appeal did not disclose that the grand jury had ignored the charge against relator or that the court had adjourned, there was no error in refusing to discharge him under the provisions of article 629 Code Criminal Procedure.

**2.—Same—Sufficiency of Evidence.**

Where upon appeal from habeas corpus proceedings the relator claimed that there was no evidence to hold him in custody awaiting the action of the grand jury, and the complaining witness testified to a state of facts which make it probable that there was an offense committed, he is not entitled to a discharge on habeas corpus proceedings under article 196 Code Criminal Procedure.

Appeal from the District Court of Bexar. Tried below before the Honorable Edward Dwyer.

Appeal from habeas corpus proceedings remanding relator to custody under a charge of theft of property over the value of $50.

The opinion states the case.

*Chambers, Hertzberg & Barrett,* for appellant.—Cited Ex Parte Porter, 16 Texas Crim. App., 321.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Relator resorted to a writ of habeas corpus before one of the District Courts at San Antonio for his discharge alleging that there was no evidence upon which to hold him, and second, that after his arrest under affidavit by complaint being filed in the justice court, a grand jury had adjourned without returning a bill against him. An inspection of the record fails to disclose any evidence bearing upon the latter proposition. Article 629 Code Criminal Procedure provides: "When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail." This record shows that the alleged offense occurred about the 10th of October the current year; that on the 15th of October, affidavit was made against relator charging theft of property over $50 in value. The court at which the writ of habeas corpus proceedings were had convened on the 2nd day of November, this current month. The trial occurred on the seventh, judgment was entered remanding relator to custody, the statement of facts was approved about the sixteenth and the case brought here on appeal. There was no evidence introduced on the trial to sustain the allegation of the petition for writ of habeas corpus to the effect that the grand jury had met after his arrest and had failed to indict. The record does disclose that a term of the District Court met on the second of this current month, but the record does not contain any evidence that the grand jury, if one was empaneled at the existing term of court had ignored the charge against relator, or that the court had adjourned,— in fact, the record discloses that the court had not adjourned. We are, therefore, of opinion, in the condition the record is presented to us that there was no error in the court refusing to discharge relator upon this view of the case.

Now, as to the other contention,—that is, that there was no evidence upon which to hold relator in custody. The complaining witness testifies that relator took a lot of shirts from him, about twenty in number, which were comparatively new and for which he had paid two dollars or a little more per shirt; that appellant also took from Hundley at the same time a suit of clothes which

was comparatively new and for which Hundley had recently paid $30. And there are other items mentioned, among others a diamond pin supposed to be valued at $25. Hundley testifies practically to his consent to relator taking his goods but not his diamond pin, and did not know in fact, that relator took the diamond pin. There was no evidence of sufficient moment to show that relator did take the diamond pin as the record presents that matter. There was evidence that a certain witness saw him with a diamond pin. Relator left a note, when he left San Antonio to go to Dallas, directed to Hundley stating that he would be back Wednesday and requesting him to go on a trip with him to Uvalde. Hundley testified that he had given relator permission to wear his clothing and would not have thought anything of it if he had seen relator wearing his diamond pin; that he and the complaining witness and relator had been friends in Louisiana before coming to Texas; that they had been practically raised together, or at least had spent a good part of their lives together. The complaining witness, however, testifies to a state of facts which makes it probable that there was an offense committed, and under the statute this court would feel bound to sustain the finding of the trial court. Article 196 Code Criminal Procedure, provides: "Where, upon an examination under habeas corpus, it shall appear to the court or judge that there is probable cause to believe that an offense has been committed by the prisoner, he shall not be discharged, but shall be committed or admitted to bail, according to the facts and circumstances of the case." We are not discussing a case where an indictment is presented by an illegal grand jury. Under the evidence of Hundley it may be seriously questioned whether relator could be convicted because of the consent of Hundley to use his clothing which was said to have been taken. However, as we view the law, under the facts as detailed, whether they be sufficient or not, there may be sufficient evidence to justify the holding of relator under the doctrine laid down in Article 196 Code Criminal Procedure, supra.

As the record presents the matter to us, the judgment is affirmed.

*Affirmed.*