### EX PARTE MOSES LERMA.

No. 30,336. November 12, 1958.

*Merritt F. Hines,* Midland, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant Moses Lerma was arrested on August 27, 1958. He was charged by complaint with possession of marijuana and his bond was set at $10,000, which he was unable to give.

A term of the 142nd Judicial District Court, in Midland County, began on September 2, 1958, and a grand jury was empaneled. The grand jury recessed the following day with permission of the court until December 10, 1958. The term of court will terminate some time thereafter.

Appellant sought discharge by habeas corpus, contending that by reason of the grand jury having met, deliberated and recessed without indicting him he was entitled to be discharged. This is an appeal from the order of the district judge denying the relief prayed for.

Art. 576 C.C.P., relied upon by appellant, provides:

"When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise or-

dered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail."

The statute relates to the dismissal of a prosecution in the event a grand jury has met and been discharged without indicting. Ex parte Oakley, 54 Texas Cr. Rep. 608, 114 S.W. 131.

Appellant says that since terms of court are now generally of long duration and continue until another term begins, the provisions of the statute should be applied where the grand jury has been permitted to recess to a later day in the term, as for instance, 90 days later as in his case.

We need not pass upon this contention for the record shows that on the day of the hearing of appellant's application for release and dismissal, the state filed affidavit such as is contemplated in Art. 576 C.C.P. showing good cause why the prosecution should not be dismissed, and the district judge entered order that it not be dismissed.

The judgment denying appellant's plea for discharge from custody is affirmed.