EX PARTE TRAVIS CARROLL

No. 33,902.    November 29, 1961

*Wear & Cornet,* (by *Frank D. Wear*) Paris, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

This is an appeal from an order issued in a habeas corpus

proceeding remanding appellant to custody for extradition to the State of Kansas.

The executive warrant of the Governor of Texas, which appears regular on its face, and the accompanying and supporting documents were introduced in evidence. These documents include, among others, the requisition, copies of the complaint signed before a magistrate, the affidavit of the injured party, and the warrant. They made out a prima facie case that the accused is a fugitive from justice and subject to extradition. Gesek v. State, 164 Tex. Cr. Rep. 652, 302 S.W. 2d 417.

The appellant did not testify or offer any evidence.

Appellant contends that the evidence is insufficient to show that he is charged with a crime against the laws of the State of Kansas. In support of his contention, he points out that the Kansas requisition recites that he is charged with "the Crime of Issuing a No Funds Check," and that there is no such offense in Texas.

There is no showing of the laws of Kansas. In the absence of a showing that they are different to those of Texas, it will be assumed that they are the same. The appellant insists that since Art. 567b, Sec. 1a, Texas P.C. makes it an offense to give a check without sufficient funds *with intent to defraud,* and the Kansas complaint not alleging that he gave the check "with intent to defraud," no crime is charged in this cause, and that he is entitled to discharge.

The Kansas complaint accompanying the record charges that the appellant did unlawfully, wilfully, and feloniously draw, make, utter, issue, and deliver to the injured party a certain described check. It further alleged that he knew at the time of the making, drawing, uttering, and delivery of said check that he had no funds or credits with the bank with which to pay the check upon presentation.

It is concluded that the allegations of the complaint are sufficient to *substantially* charge the appellant with issuing the check with the intent to defraud. Art. 1008a, Sec. 3, V.A.C.C.P.

The evidence was sufficient to authorize the trial court to conclude as he did and remand appellant for extradition.

The judgment is affirmed.

Opinion approved by the Court.