**Ex parte Jimmy C. STANLEY.**

**No. 36727.**

Court of Criminal Appeals of Texas.

March 25, 1964.

Rehearing Denied April 29, 1964.

Harkness & Friedman, by Harry Friedman, Texarkana, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding the petitioner to custody to be extradited to the State of Louisiana.

At the hearing warrant issued by the Governor of Texas, upon the demand of the Governor of Louisiana, ordering the arrest of the petitioner and his delivery to the agent of the State of Louisiana, was introduced.

The Executive Warrant recites, and the demand and supporting documents and testimony of an Assistant District Attorney show that the petitioner stands charged by affidavit before proper authority in Louisiana with the crime of theft committed in that state.

Section 3 of Art. 1008a Vernon's Ann. C.C.P. authorizes extradition upon the basis of a complaint and warrant issued thereon. Ex parte Fisher, 168 Tex.Cr.R. 336, 327 S.W.2d 579. It is not material that there was no evidence before the Governor that Louisiana could prosecute for a felony on an affidavit.

The affidavit of Fred Zimmerman, Jr., made April 19, 1963, avers that Jimmy C. Stanley on or about May 29, 1962, unlawfully and feloniously committed a theft of Fifty Dollars in money, the property of United Bilt Homes, Inc. Warrant of arrest was issued the same day.

The sufficiency of the affidavit is for the Louisiana Courts.

We overrule the contention that no crime is alleged in the affidavit.

The judgment remanding the petitioner to custody for extradition to Louisiana is affirmed.