**Ex parte Merle DODSON.**

**No. 37627.**

Court of Criminal Appeals of Texas.

Feb. 3, 1965.

Don Lee Cotton, Sam W. Callan, El Paso, for appellant.

Edwin F. Berliner, Dist. Atty., Mike J. Thompson, Asst. Dist. Atty., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

This is an appeal from an order of the 34th Judicial District Court of El Paso County remanding appellant to the custody of the Sheriff of said County for delivery to an agent of the State of Missouri.

Appellant was arrested by the Sheriff's Office of El Paso County, Texas, on July 8, 1964, under a warrant of the Governor of Texas dated July 1, 1964, ordering the arrest of appellant and his delivery to officers of the State of Missouri for return to that state to answer to a charge of "removing and concealing mortgaged property." No statute from Missouri was introduced to show the laws of that State.

■ Appellant urges two bills of exception. His first is that removing and concealing mortgaged property is not an offense under the laws of the State of Texas. He cites the case of Ex parte Burns, 167 Tex.

Cr.R. 533, 322 S.W.2d 289, which was a case where the relator was charged with "attempt to commit sodomy". This court held that it was not shown that the relator is substantially charged in the demanding state with a crime under the laws of that state, since there was no showing as to the law of the demanding state and there being no such crime in Texas. We have in the case at bar an entirely different situation. The appellant is charged with the offense of "removing and concealing mortgaged property", either offense being a crime in the State of Texas under Arts. 1557, Vernon's Ann.P.C., and 1558 V.A.P.C. An offense that an accused could neither be charged with nor tried upon, in Texas, would not be an extraditable offense. Appellant's first contention is without merit and is overruled.

■ In his second bill of exception, appellant contends that the State of Missouri did not prepare for and deliver to appellant copies of the necessary supporting papers. In Ex parte Moore, 158 Tex.Cr.R. 407, 256 S.W.2d 103, this court held that the provision pertaining to the furnishing to an accused of copies of instruments accompanying requisition is directory only, and becomes mandatory only when request has been made by the fugitive. In examining the record in this cause there is no such request made by said appellant, and therefore the failure to furnish appellant with copies would not be error where no request is shown. Even if the demanding state had not furnished enough copies, photostatic copies of extradition papers which were certified by the Secretary of State as true and correct copies of the original constitutes substantial compliance with section 3 of Art. 1008a, C.C.P., Ex parte Thompson, 171 Tex.Cr.R. 509, 351 S.W.2d 890.

The judgment of the trial court is affirmed.