**Ex Parte Jack FAVOR.**

**No. 39712.**

Court of Criminal Appeals of Texas.

Oct. 5, 1966.

Aultman & Riley, by Ronald Aultman, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., William R. Magnussen and Truman Power, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Commissioner.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Louisiana.

At the hearing on the writ, the state introduced in evidence the executive warrant issued by the Governor of Texas. The warrant recites that appellant "stands charged by complaint, warrant, supporting papers before the proper authorities, with the crime of murder" committed in the State of Louisiana; and that the Louisiana demand for his return is accompanied by copies of said complaint, warrant and supporting papers.

The executive warrant of the Governor of Texas, which appears regular on its face, made out a prima facie case authorizing the remand of appellant to custody for extradition. Ex Parte Carroll, 171 Tex.Cr.R. 462, 351 S.W.2d 228; Ex Parte Fant, Tex.Cr.App., 400 S.W.2d 332.

Appellant insists that the evidence is not sufficient to authorize extradition in that no indictment was included with the accompanying papers, and there was no evidence that a capital case could be prosecuted in Louisiana upon a complaint.

Section 3 of Art. 1008a, Vernon's Ann. C.C.P., authorizes the Governor of Texas to grant extradition where the demand is accompanied by a copy of a complaint together with a copy of any warrant issued thereon. The failure to show that Louisiana could prosecute for a capital offense on a complaint is not here material. Ex Parte Stanley, Tex.Cr.App., 377 S.W.2d 650; Ex Parte Young, Tex.Cr.App., 397 S.W.2d 74.

The other contentions presented have been considered and they do not reveal error.

The trial court was authorized to conclude as he did and remand the appellant for extradition.

The judgment is affirmed.

Opinion approved by the Court.