**Ex parte Phillip YORK.**

**No. 40574.**

Court of Criminal Appeals of Texas.

July 26, 1967.

No attorney on appeal, for appellant.

Barton Boling, Dist. Atty., James H. Kreimeyer, Asst. Dist. Atty., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The appeal is from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Arizona where he is charged by complaint with the offense of rape.

■ The Extradition Warrant of the Governor of Texas dated March 6, 1967, regular on its face, was introduced in evidence at the habeas corpus proceeding. It recites that the demand of the Governor of Arizona was accompanied by copy of the complaint, warrant and supporting papers certified as authentic by said Governor. The introduction of the Extradition Warrant, regular on its face, was sufficient to make a prima facie case authorizing appellant's extradition. Ex parte Kronhaus, Tex.Cr.App., 410 S.W.2d 442, and cases cited.

The demand, complaint, warrant and supporting papers, which appear to be regular, were also introduced in evidence by the State.

Evidence was offered by appellant to the effect that he had been previously arrested on a warrant of arrest sent to the El Paso County Sheriff's office issued upon a prior complaint alleging the same offense, which complaint had been dismissed.

The prior warrant of arrest was not an application for a requisition. The evidence in regard thereto did not refute the certification of the County Attorney in his application for requisition that no further or other application had been made for a requisition of the fugitive growing out of the transaction. The prima facie case for extradition established by the Executive Warrant of the Governor of Texas was not overcome.

The judgment remanding appellant to custody for extradition is affirmed.