### Ex parte Ricardo HERNANDEZ.

#### No. 40740.

Court of Criminal Appeals of Texas.

Oct. 25, 1967.

Rehearing Denied Dec. 6, 1967.

Mike Thompson, El Paso, for appellant.

Barton Boling, Dist. Atty., James H. Kreimeyer, Asst. Dist. Atty., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

### OPINION

ONION, Judge.

This is an appeal from an order entered in the 34th District Court in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Ohio.

At the hearing the State introduced into evidence the Executive Warrant of the Governor of Texas and supporting papers authorizing the arrest and return of the appellant to the State of Ohio to answer indictments for Breaking and Entering an Uninhabited Building in the Night and Failure to Appear on Recognizance, in violation of Secs. 2907.10 and 2937.29 Ohio.

 If regular upon its face, as in the case at bar, the introduction of the Governor's Warrant makes out a prima facie case authorizing extradition. Ex parte Juarez, Tex.Cr.App., 410 S.W.2d 444; Ex parte Kronhaus, Tex.Cr.App., 410 S.W.2d 442.

Further, the statutes of Ohio, Articles 2907.10 and 2937.29, were introduced into evidence which showed that the charge of breaking and entering an uninhabited building in the night and failure to appear on recognizance were penal offenses in Ohio. Moreover, the charge of breaking and entering an uninhabited building would be the crime of burglary in Texas.

 It is appellant's contention that the Governor's Warrant was never admitted into evidence, and that there is no showing that appellant is legally restrained. See Ex parte Sykes, Tex.Cr.App., 400 S.W. 2d 568. We reject such contention.

The hearing on the application for habeas corpus was conducted in two parts. On June 20, 1967, the State offered the Governor's Warrant and the supporting papers into evidence, to which offer the court replied, "All right." Thereafter the appellant entered a number of objections to the various instruments. The trial court astutely observed that Texas has no felony offense such as "failure to appear on recognizance." [1] Thereafter the State asked for additional time, whereupon the court replied, "I'll reserve the ruling on this portion of it and see whether he comes up with any law, Mr. Thompson. If he doesn't I'm going to sustain the objection."

It is not clear from the record what "portion" and "objection" the court had reference to, but it appears to relate to the offense of failing to appear.

At the second part of the hearing on July 6, 1967, the prosecutor inquired whether the Executive Warrant and supporting papers (Exhibits one through five) had been offered into evidence, and the court replied, "That's correct," to which appellant made no objection. Thereafter the State offered into evidence a copy of the statutes of Ohio under which appellant was charged duly certified as authentic by the Secretary of State of Ohio. Appellant's objection thereto that the Ohio laws were not certified to by any officer of the State of Texas was properly overruled.

The judgment is affirmed.

---

1. Observe, however, that as of August 28, 1967, Texas has a similar offense (Failure to appear; violation of bail bond). Article 22.01a, Vernon's Ann. C.C.P. (Acts 1967, 60th Leg.R.S., Chapter 339, p. 804)