**Ex parte Ole Claus KRARUP.**

**No. 40900.**

Court of Criminal Appeals of Texas.

Dec. 13, 1967.

2. As to the enforceability of this restriction, see Shelley v. Kraemer, 334

U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161, 3 A.L.R.2d 441

Edward M. Snyder, Jr., Dallas, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

ONION, Judge.

## OPINION

This is an appeal from an order entered in a habeas corpus proceeding remanding the appellant to custody for extradition to the State of California.

The record is before this Court without a transcription of the court reporter's notes or bills of exception, and there is no indication that the appellant made any issue as to identity. See Ex parte Hopkins, Tex.Cr. App., 368 S.W.2d 223; Ex parte Starnes, 169 Tex.Cr.R. 349, 334 S.W.2d 173. We do observe that the Executive Warrant of the Governor of Texas, regular on its face, authorizing the arrest and return of the appellant to the State of California to answer the felony charge of issuing a $175.00 check without sufficient funds, the Requisition of the Governor of California, the Complaint (affidavit), warrant of arrest and other supporting papers have been filed among the papers of this cause and brought forward in the record on appeal under the clerk's certification. These instruments bear the court reporter's notation as to exhibit numbers. The judgment of the trial court indicates that these papers were before the court at the writ of habeas corpus hearing.

Appellant contends that there is no evidence in the record to show that a felony offense in the State of California may be prosecuted upon an information. He cites Ex parte Doyal, 167 Tex.Cr.R. 83, 318 S.W. 2d 642; Ex parte Gardner, 159 Tex.Cr.R. 365, 264 S.W.2d 125; Ex parte Cooper, 163 Tex.Cr.R. 642, 295 S.W.2d 906. See also Ex parte Goodwin, Tex.Cr.App., 384 S.W.2d 874; Ex parte Parker, Tex.Cr.App., 390 S.W.2d 774; Ex parte Ivy, Tex.Cr.App., 419 S.W.2d 862.

It is true that in extradition proceedings there is a presumption that the law of the demanding state is the same as the law of Texas in the absence of a showing to the contrary. Ex parte Carroll, 171 Tex. Cr.R. 462, 351 S.W.2d 228; Ex parte Drake, Tex.Cr.App., 363 S.W.2d 781; Ex parte Martin, Tex.Cr.App., 374 S.W.2d 436.

A felony may not be prosecuted upon an information in Texas. Therefore,

if the demanding state seeks to extradite an accused from Texas for a felony trial based upon an information in the demanding state, there must be a showing at the habeas corpus hearing that the law of the demanding state permits such procedure.

■ Without a transcription of the court reporter's notes we do not have appellant's contention before us for review.

We do observe, however, that there is no information in the record before us nor any indication that California intends to prosecute this appellant for a felony upon an information.

■ If, in fact, it be appellant's contention that the alleged California offense is a felony and that extradition (as distinguished from eventual prosecution) is not therefore authorized upon the basis of a complaint (affidavit) and warrant issued thereon, such contention is without merit. See Article 51.13, Sec. 3. Vernon's Ann. C.C.P. (" * * * or by a copy of an affidavit before a magistrate there (demanding state), together with a copy of any warrant which issued thereupon."). Ex parte Young, Tex.Cr.App., 397 S.W.2d 74; Ex parte Stanley, Tex.Cr.App., 377 S.W.2d 650; Ex parte Powers, Tex.Cr.App., 391 S.W.2d 413; Ex parte Fisher, 168 Tex. Cr.R. 336, 327 S.W.2d 579; Ex parte Favor, Tex.Cr.App., 406 S.W.2d 434.

■ Appellant further contends that the check in question cannot be used as the basis of any prosecution because it appears on its face to have been altered, and therefore he should not be extradited. This is a question for the California courts, not for the courts of Texas. "The merits of the charge will not be inquired into by the courts of the asylum state." 25 Tex.Jur. 2d, Sec. 323, p. 194.

The proceedings appearing to be regular, and finding no reversible error, the judgment of the trial court remanding appellant to custody for extradition is affirmed