**Ex parte Billy Gene WILSON.**

**No. 41682.**

Court of Criminal Appeals of Texas.

Feb. 5, 1968.

Raeburn Norris, Houston, for appellant.

Ogden Bass, Dist. Atty., James E. Brown, Asst. Dist. Atty., Angleton, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This. is an appeal from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Florida.

The Executive Warrant issued by the Governor of Texas as well as the Requisition of the Governor of Florida and supporting papers were introduced in evidence by the respondent. Appellant offered no evidence.

■ The state relies upon the rule that the introduction in evidence of an Executive Warrant regular on its face, ordering extradition, makes a prima facie case. Ex parte Moncrief, Tex.Cr.App., 430 S.W.2d 514; Ex parte Matthews, Tex.Cr.App., 430 S.W.2d 506; Ex parte York, Tex.Civ.App., 417 S.W.2d 411; Ex parte Hernandez, Tex. Cr.App., 420 S.W.2d 708.

The prima facie case made out by the introduction. at the habeas corpus hearing of the Executive Warrant may be destroyed by evidence offered by the respondent as well as by evidence offered for that purpose by the relator. Ex parte Harck, 160 Tex.Cr.R. 602, 274 S.W.2d 74; Ex parte Hoover, 164 Tex.Cr.R. 251, 298 S.W.2d 579.

The Executive Warrant recites that Billy Gene Wilson "stands charged *by affidavit made before a magistrate, together with a warrant issued thereon before the proper authorities*, with the crime of Breaking and entering with intent to commit a felony and Grand Larceny and Petit Larceny," committed in the State of Florida.

The copy of the affidavit accompanying the Requisition of the Governor of Florida reflects that it was made January 16, 1958 and alleges offenses committed on that day.

Other papers supporting the demand for extradition reflect that appellant was on January 17, 1958, bound over to the Criminal Court of Record of Orange County, Florida, and his bond fixed in the sum of $1500.00.

Information was filed in that court March 3, 1958, and on March 27, 1958, warrant was issued for appellant's arrest to answer the information and bond was set at $3000.00.

It thus appears that appellant is in fact charged with the offenses described in the Executive Warrant by information filed in the Criminal Court of Record of Orange County, Florida, and not by affidavit made before a magistrate.

■ In the absence of a showing to the contrary, we must assume that the laws of Florida are the same as the laws of this state. Ex parte Gardner, 159 Tex.Cr.R. 365, 264 S.W.2d 125.

■ The felony offenses charged in the affidavit filed before the magistrate could not be prosecuted in Texas upon information. Constitution of Texas, Art. 1, Sec. 10, Vernon's Ann.St.

An indictment for felony theft or burglary may be presented within 5 years and not afterward. Art. 12.03 Vernon's Ann.C.C.P.

Under the Statute of Texas, when a defendant has been detained in custody or held to bail for his appearance to answer accusation of a felony before the District

Court, unless otherwise ordered by the Court, for good cause shown, supported by affidvait, the prosecution shall be dismissed and the bail discharged if indictment be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail. Art. 32.01 V.A.C.C.P.; Ex parte Oakley, 54 Tex.Cr.R. 608, 114 S.W. 131; Ex parte Lerma, 167 Tex.Cr.R. 5, 317 S.W.2d 751.

For the reasons stated, the remand of appellant for extradition to answer the affidavit filed before a magistrate in Florida is reversed.

DOUGLAS, J., not participating.