### Ex parte Freeman BLAZIER.

### No. 41703.

Court of Criminal Appeals of Texas.

Dec. 18, 1968.

Grady Hight, Fort Worth, Court appointed, for appellant.

Frank Coffey, Dist. Atty., Clayton Evans and Bill Roberts, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Louisiana.

The executive warrant of the Governor of Texas was introduced in evidence. It recites that the appellant stands charged by "affidavit before a magistrate together with a warrant issued thereupon before the proper authorities, with the crime of

'Simple Burglary' committed in said State (Louisiana)." There is no issue as to identity.

The first ground urged as error is that simple burglary is not an offense in Texas, and without the introduction of the Louisiana statute denouncing the same as an offense, the record does not show that appellant is substantially charged with a crime in Louisiana.

There is no proof of the penal laws of the State of Louisiana in the record.

The appellant introduced the requisition of the Governor of Louisiana and the annexed affidavit (complaint) which shows to have been signed and sworn to before a justice of the peace in Louisiana, the warrant of arrest issued thereon, and an affidavit pertaining to the crime charged in the affidavit (complaint). It was certified in the requisition that the annexed instruments were authentic.

The Louisiana affidavit (complaint), after naming the appellant, charged:

"* * * did commit the crime of simple burglary by breaking and entering into the store building belonging to W. N. Wright at Negreet, Louisiana, and stealing merchandise therefrom of a value of $275.00."

 In considering the allegations of the affidavit along with the provisions of the Texas Burglary Statute (Art. 1389 P.C.), it is concluded that the affidavit (complaint) substantially charges the appellant with the crime of burglary and authorizes the issuance of the executive warrant for extradition. Ex parte Carroll, 171 Tex.Cr.R. 462, 351 S.W.2d 228; Ex parte Drake, Tex.Cr.App., 363 S.W.2d 781.

The second ground of error is that "No indictment is enclosed and no statutory authority for the trial in Louisiana of 'simple burglary' by justice court complaint was offered."

A similar contention in an extradition case was considered in Ex parte Favor, Tex.Cr.App., 406 S.W.2d 434:

"Appellant insists that the evidence is not sufficient to authorize extradition in that no indictment was included with the accompanying papers and there was no evidence that a capital case could be prosecuted in Louisiana upon a complaint.

"Section 3 of Art. 1008a, Vernon's Ann.C.C.P., authorizes the Governor of Texas to grant extradition where the demand is accompanied by a copy of a complaint together with a copy of any warrant issued thereon. The failure to show that Louisiana could prosecute for a capital offense on a complaint is not here material. Ex parte Stanley, Tex. Cr.App., 377 S.W.2d 650; Ex parte Young, Tex.Cr.App., 397 S.W.2d 74."

The trial court was authorized to conclude as he did and remand the appellant for extradition.

The judgment is affirmed.