**Ex parte Vatcho SCOTT.**

**No. 42215.**

Court of Criminal Appeals of Texas.

July 16, 1969.

Garland C. Wier, San Antonio, for appellant.

James E. Barlow, Dist. Atty., John L. Quinlan II, Asst. Dist. Atty., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order of the Honorable James C. Onion, Judge of the 73rd District Court of Bexar County, in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Louisiana.

The Executive Warrant of the Honorable Preston Smith, Governor of Texas, was introduced making a prima facie case. The warrant recited that appellant stood charged by affidavit made before a magistrate, issued together with a warrant, with the crime of armed robbery. Appellant objected to the introduction of the warrant on the grounds that the proper predicate had not been laid in that he had not been identified as the man named in the instruments.

Joseph Z. Ardoin testified that he ran the Stone Motel in Eunice, Louisiana, and that shortly before midnight on May 10, 1968, appellant and another man robbed him at gun point. Appellant testified that he was in Louisiana on May 10, 1968, but had left and entered Texas at about six o'clock that afternoon. Appellant testified and offered affidavits to show that he was in Stowell, Texas, at approximately midnight on the date of the robbery. Appel-

lant's wife testified that he was in San Antonio at approximately five o'clock on the morning of May 11.

Joseph Ardoin testified that appellant did not have a moustache at the time of the robbery. Appellant testified that he had a moustache on that date. A copy of a photograph of appellant was introduced to show that appellant had a moustache some fifty-three hours after the robbery. It was contended that one could not grow such a moustache in that length of time.

In his findings of fact, Judge Onion found that appellant was the person named in the Executive Warrant, and that appellant committed the offense in, and fled from, the State of Louisiana. There was sufficient evidence to support the findings.

Appellant contends that the affidavit or complaint under which he was charged was insufficient because it was based upon information and belief and did not state sufficient facts under Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L. Ed.2d 1503, and Barnes v. State, Tex.Cr. App., 390 S.W.2d 266.

The affidavit (complaint) sworn to before a district judge of Louisiana charged that appellant "* * * unlawfully, knowingly and wilfully on or about the 10th day of May, A.D., 1968, in said Parish did commit armed robbery of Joseph Z. Ardoin at the Stone Motel, Eunice, Louisiana."

Nothing in the affidavit shows that it was based on information and belief. The sufficiency of the affidavit to secure a search and an arrest warrant was attacked in Giordenello and Barnes, supra, and were not affidavits for the issuance of executive warrants in extradition. The question is whether the appellant is substantially charged with a crime under Article 51.13, Sec. 3, Vernon's Ann.C.C.P. See Ex parte Blazier, Tex.Cr.App., 435 S.W.2d 506.

■ In Ex parte Powers, Tex.Cr.App., 391 S.W.2d 413, the contention that sufficient facts were not shown in the affidavit

to show probable cause to issue any warrant was overruled. The court stated:

"In extradition cases it is held that, unless clearly void, the validity of an affidavit or indictment upon which demand for extradition is based and its sufficiency as a criminal pleading will be left to the courts of the demanding state and not of this state."

The affidavit in the present case is not void and it is sufficient to substantially charge appellant with a crime to support his extradition to the State of Louisiana.

The judgment is affirmed.