Bowen C. Tatum, Jr., Huntsville, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

### Ex parte William HORSLEY.

### No. 43536.

Court of Criminal Appeals of Texas.

Nov. 18, 1970.

Rehearing Denied Dec. 31, 1970.

## OPINION

MORRISON, Judge.

After a careful study of the record, we have concluded that we will adopt as the opinion of this Court the brief of our able State's Attorney, which is as follows:

"This is an appeal from the denial of relief in petitioner's habeas corpus application by the District Court of Walker County. The hearing upon petitioner's application for writ of habeas corpus shows that the petitioner was being held by the Sheriff of Walker County by reason of an Executive Warrant of the Governor of the State of

Texas issued upon the application from the State of Tennessee for the extradition of appellant to that state, and an Executive Warrant issued by the Governor of the State of Texas upon the application of the State of Florida for the extradition of the petitioner to that state. The Governor's Warrants are regular upon their face and present an adequate basis for denial of relief.

"The only issue presented by the petitioner's application in this cause is that the District Court of Walker County should deny the extradition because the petitioner has been denied a speedy trial in the states of Florida and Tennessee upon the charges that are the basis for the Governor's Warrants in these two cases.

"In order to seriously consider the petitioner's application in this cause, it would be necessary for the courts of the State of Texas to make a factual determination as to what procedure was followed and what procedure should have been followed in the states of Tennessee and Florida in these causes. It would then be up to the Texas courts to interpret the Tennessee and Florida law, in light of recent United States Supreme Court decisions, and then make a determination of whether or not the petitioner has been denied his right to speedy trial under the law of these two sister states, along with a determination as to what is his proper recourse. Clearly, this determination of factual matters in a foreign jurisdiction, as well as an interpretation of their law, would be improper. See Watson v. State [Ex parte Watson, Tex.Cr. App.], 455 S.W.2d 300. Not only would it be proper for the states of Tennessee and Florida to interpret their own laws, it is obvious that the petitioner has, upon his return to either of these states, an adequate remedy at law to determine these matters. Therefore, it is respectfully submitted that the petitioner's request for relief should be in all things denied."

The order of the trial court denying relief is affirmed.