**Ex parte Barbara WARD.**

No. 44296.

Court of Criminal Appeals of Texas.

Sept. 16, 1971.

Glenn Hausenfluck, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Roger Crampton and Ann Delugach, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The appeal is from an order in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Louisiana.

■ The executive warrant of the Governor of Texas was introduced. It recites that the appellant " * * * stands charged by Information, Supporting Affidavit, Warrant before the proper authorities, with the crime of armed robbery contrary to L.R.S. 14:27. * * *" The warrant being regular on its face made a prima facie case for extradition. Ex parte Starks, Tex.Cr.App., 464 S.W.2d 837.

■ It is contended that the supporting papers do not show that she was charged with a crime in the State of Louisiana, since it is presumed that the laws there are the same as those in Texas.

The appellant introduced some of the supporting papers including the application for requisition which recites that she was charged "with violating R.S. 14:27(64), relative to attempted armed robbery * * *." The information alleges that she, while armed with a revolver, attempted to commit a robbery upon David A. Walsdorf.

Ex parte Burns, 167 Tex.Cr.R. 533, 322 S.W.2d 289, is relied upon by the appellant. There this Court noted that the supporting papers showed a charge of "an attempt to commit sodomy" and held that this did not charge an offense under the laws of Texas, and in the absence of a showing that such was a violation of the laws of the demanding state he could not be extradited.

We upheld the extradition proceedings where one was charged with "the Crime of Issuing a No Funds Check" where it was contended that there was no such offense in Texas in Ex parte Carroll, 171 Tex.Cr.R. 462, 351 S.W.2d 228. There it was insisted that our Article 567b, Section la, V.A.P.C., made it an offense to give a check without sufficient funds with intent to defraud and that the Kansas complaint was insufficient for extradition because it did not allege with intent to defraud.

It is concluded that the allegations in the information in the instant case are sufficient to substantially charge the appellant with assault with intent to rob. Article 1163 and Article 1165, V.A.P.C.

■ The fact that the executive warrant recites that the appellant stood charged with armed robbery does not vitiate the proceedings. The information shows that the appellant was substantially charged with the lesser included offense of robbery by assault. In Texas, a robbery by assault can be prosecuted under an indictment charging robbery with firearms. Tomlin v. State, 155 Tex.Cr.R. 207, 233 S.W.2d 303. There is no material variance between the executive warrant and the information.

■ The contention that an application for requisition must be signed by the attorney general of the demanding state because Article 51.13, Section 23, Subdivision 1, V.A.C.C.P., reads "state's attorney" is without merit. We have held that such an application may be signed by a deputy county attorney, Ex parte Peterson, Tex.Cr.App., 409 S.W.2d 851; a county attorney, Ex parte York, Tex.Cr.App., 417 S.W.2d 411, and an assistant district attorney, Ex parte Sutton, Tex.Cr.App., 455 S.W.2d 274.

In the instant case the requisition was signed by a district attorney.

■ Next, it is contended that the information shows the offense occurred in 1964 and that the prosecution would be barred by the Louisiana statute of limitations. The record contains bond forfeiture

proceedings and shows the appellant to have resided in California and in Texas.

■ Limitations are a matter of defense and must be asserted on the trial by the defendant in criminal cases. Biddinger v. Commissioner of Police of the City of New York, 245 U.S. 128, 38 S.Ct. 41, 62 L.Ed. 193 (1917).

In Ex parte Horsley, Tex.Cr.App., 460 S.W.2d 906, it was contended that extradition should be denied, because Horsley had been denied a speedy trial. This Court held that this was a factual matter for the demanding state to decide along with the interpretation of its laws. See Ex parte Watson, Tex.Cr.App., 455 S.W.2d 300.

■ The contention that the statement in the requisition that the State of Louisiana would not be responsible for any expense in the extradition proceedings has no bearing on the legality of the extradition proceedings. Whether the demanding state or its political subdivisions pay the expense is for them to decide. Our statutes provide that the commissioners court of the county where the offense is alleged to have been committed or where the prosecution is pending may pay such expenses. Article 51.13, Section 24, V.A.C.C.P.

■ Lastly, it is contended that since the affidavit in support of the information was made after the information was filed, there is no affidavit in support of the information under Article 51.13, Section 3, V.A.C.C.P.

We have held that an information together with an affidavit sworn to subsequently to the date of the information is sufficient to authorize extradition. Ex parte Collins, Tex.Cr.App., 468 S.W.2d 409; Ex parte Drennan, Tex.Cr.App., 461 S.W.2d 420; Ex parte Peairs, 162 Tex.Cr. R. 243, 283 S.W.2d 755.

The judgment remanding appellant to custody is affirmed.

ONION, Presiding Judge (dissenting).

At the habeas corpus hearing the executive warrant of the Texas Governor was introduced by the State. It recites that the appellant was charged in the State of Louisiana with "the crime of armed robbery contrary to L.R.S. 14:27." *Standing alone*, such warrant being regular on its face made out a prima facie case for extradition upon its introduction.

The prima facie case made out by the introduction of such executive warrant may be destroyed by evidence offered by either the respondent or relator at a habeas hearing. Ex parte Wilson, Tex.Cr.App., 437 S.W.2d 569.

To do just that the appellant introduced the supporting papers including the requisition, the application for requisition, etc., all of which reflect that the appellant is charged with "the crime of violating R.S. 14:27(64), relative to attempted armed robbery." A discrepancy between the nature of the offense set forth in the Executive Warrant and the supporting papers was thus demonstrated.

It is well established that "[i]n determining whether a person is charged with an extraditable offense, the law of the demanding state defining the offense charged is controlling. That law is presumed, in the absence of any showing to the contrary, to be the same as the law of this state." 25 Tex.Jur.2d, Extradition, Sec. 7, p. 126.

In the case at bar there was no showing made as to the laws of Louisiana, and under Texas law there is no such offense as attempted robbery or attempted armed robbery. See 16 Tex.Jur.2d, Criminal Law, Sec. 29, p. 134.

In Burns v. State, 167 Tex.Cr.R. 533, 322 S.W.2d 289, where the requisition of the Governor of the demanding state reflected the accused was charged with the crime of "attempt to commit sodomy," and there was no such offense under Texas

law nor any showing as to the law of the demanding state, it was held that the accused was not subject to extradition. See also Ex parte Juarez, Tex.Cr.App., 410 S. W.2d 444; Ex parte Brunner, Tex.Cr. App., 396 S.W.2d 125.

Thus, it is clear in absence of a showing as to the law of the demanding state that an offense an accused could neither be charged with nor tried upon in Texas could not be an extraditable offense. See Ex parte Dodson, Tex.Cr.App., 387 S.W.2d 406.

Although the Executive Warrant reflects "armed robbery" and the supporting papers reflect "attempted armed robbery," the majority seizes upon the allegations in the Louisiana information contained in the supporting papers and concludes that the same are sufficient to substantially charge the appellant with the offense of assault with intent to rob, and extradition would be justified.

The information alleges the appellant and two others "while armed with a dangerous weapon, to wit: a revolver, attempted to commit an armed robbery upon one David A. Walsdorf" on February 13, 1964.

One of the essential elements of the offense of assault with intent to rob is the assault itself. See Article 1163, V.A.P.C. "The offense is committed only where a specific intent to rob or steal is shown to have been present at the time of the offense, coupled with the existence of facts that bring the offense within the definition of an assault." 50 Tex.Jur.2d, Robbery, Sec. 63, p. 228.

An essential allegation in an indictment for assault with intent to rob is the fact of the assault itself. 50 Tex.Jur.2d, Robbery, Sec. 64, p. 229.

In 16 Tex.Jur.2d, Criminal Law, Sec. 30, p. 134, it is written:

"To constitute an attempt, the conduct must not amount to an assault with intent to commit the substantive crime. Thus, to constitute an attempt to rape by force, the force used must fall short of that which would bring the offense up to an assault with intent to commit rape. When the force amounts to an assault, it ceases to be a mere attempt and becomes an assault with intent to commit the crime. The two offenses then come together. When the attempt ceases, the assault begins and takes its place, and if the force actually used is such as to constitute the offense an assault with intent to commit the substantive crime, then it is no longer a mere attempt.

"There can be no assault without an attempt, but all attempts do not include an assault * * *."

I do not read the information here involved, which does not expressly allege an assault as being sufficient to substantially charge an assault with intent to rob and to authorize extradition for that offense when the Executive Warrant and the supporting papers refer to other offenses.

Before stretching the law entirely out of shape in order to reach a seemingly desirable result, I would prefer to see this court consider and adopt a policy of judicial notice of the laws of our sister states in extradition matters.

I would reverse.