**Ex Parte Robert Prince EDWARDS.**

No. 2–81–228–CR.

Court of Appeals of Texas, Fort Worth.

Sept. 30, 1981.

Rehearing Denied Oct. 14, 1981.

Kelsey, Wood, Gregory, Duncan & Holt and M. P. Duncan, III, Denton, for appellant.

Brock Smith, Dist. Atty., Decatur, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

OPINION

RICHARD L. BROWN, Justice.

This is a habeas corpus proceeding. Robert Prince Edwards, the applicant in this court, was arrested by the Wise County Sheriff's Department without a warrant on March 28, 1981 and placed in Wise County jail. On June 22, 1981 an order was signed by a Justice of the Peace for Wise County ordering that applicant be held pending a Governor's warrant for extradition to Louisiana. On July 15, 1981 the trial judge received a letter from applicant contesting his custody. This letter was considered by the trial court as part of applicant's application for writ of habeas corpus which was filed on July 24, 1981 and a hearing was held on the same day. At the hearing the State introduced the Governor's warrant (Texas) with the information and supporting papers from Louisiana. Applicant made objection to the admission of such evidence which was overruled. On August

21, 1981 the trial court denied applicant's Petition for Writ of Habeas Corpus. Applicant appeals.

We affirm.

■ There is only one point of error: the trial court erred in overruling the applicant's objection to the documents that allegedly support the applicant's extradition because they fail to comply with Tex. Code Crim.Proc.Ann. art. 51.13 § 3 (1979). Specifically, the point is that there was no adequate affidavit to support the information as required by the statute cited.

■ There is in the record on appeal a supporting affidavit of the same assistant district attorney in Louisiana who charged the applicant in the Louisiana bill of information on which his extradition is based. (Ex. S–1H). There is an additional affidavit (Ex. S–1C) sworn to by the district attorney for the 1st Judicial District, Louisiana in support of the bill of information.

In *Ex parte Powers*, 391 S.W.2d 413, 414 (Tex.Crim.App., 1965), it was held: "In extradition cases it is held that, unless clearly void, the validity of an affidavit or indictment upon which demand for extradition is based and its sufficiency as a criminal pleading will be left to the courts of the demanding state and not of this state." See also *Ex parte Scott*, 446 S.W.2d 307 (Tex.Crim.App., 1969) and *Ex parte Louis Albert Weiner, Jr.*, 472 S.W.2d 773 (Tex. Crim.App., 1971).

We affirm.