IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-144-CR




EX PARTE: CHRISTOPHER LAMAR BOX,



 APPELLANT



 



FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 41,033, HONORABLE RICK MORRIS, JUDGE PRESIDING


 





PER CURIAM

 This is an appeal from an order of the district court, rendered following a hearing
on appellant's writ of habeas corpus, remanding appellant to custody for extradition to
Mississippi.

 At the hearing below, the State offered in evidence the governor's warrant and
supporting documents, which includes a certified copy of an indictment charging appellant with
"bad checks" presented to the Circuit Court, First Judicial District, Hinds County, Mississippi. 
The indictment alleges that appellant fraudulently issued a check to a named business for the
purpose of obtaining merchandise having a value of $574, knowing at the time he issued the check
that he did not have sufficient funds on deposit with the bank on which the check was drawn.

 At the hearing below, appellant did not contest his identity as the person whose
extradition was requested. Instead, he contended that the indictment does not accuse him of an
offense. Relying on the general proposition that the law of the demanding state is presumed to
be the same as in the asylum state, appellant argued that no crime exists in Texas comparable to
the one alleged in the indictment. Appellant further argued that when there is no comparable
offense in the asylum state, the supporting documents must include a certified copy of the penal
statute of the demanding state in order to establish that the person sought is charged with an
offense. 

 The State responded to this argument by presenting to the court a photocopy of
Mississippi Code § 97-19-55, defining the offense of "bad checks," and § 97-19-67, authorizing
a term of imprisonment of no more than three years if the check was for an amount in excess of
$100. The district court stated that it would take judicial notice of these statutes. Appellant
contends that it was error for the court to take judicial notice because the State did not supply it
with "sufficient information." Tex. R. Crim. Evid. Ann. 202 (Pamph. 1992).

 Appellant's arguments are based on a false premise: that, assuming the law of
Mississippi is the same as that of Texas, the indictment does not accuse him of an offense. In the
opinion of this Court, the indictment substantially alleges the offenses of theft by check and
issuance of a bad check. Tex. Penal Code Ann. §§ 31.03, 31.06, 32.41 (1989 & Supp. 1992); 
see Ex parte Carroll, 351 S.W.2d 228 (Tex. Crim. App. 1961). Therefore, proof of the law of
Mississippi was unnecessary.

 Appellant's arguments are without merit in any event. The list of documents that
must accompany the governor's warrant does not include a copy of the demanding state's penal
statute. Tex. Code Crim. Proc. Ann. art. 51.13, § 3 (1979). A court may take judicial notice
of the statutes of another state on its own motion. Tex. R. Crim. Evid. Ann. 202 (Pamph. 1992). 
The district court had before it sufficient proof that the indictment alleged an offense under the
laws of Mississippi.

 The order of the district court is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: June 17, 1992

[Do Not Publish]