### Ex Parte W. A. NAILL.

No. 602.   Decided April 19, 1910.

**Habeas Corpus—Reduction of Bail—Statement of Facts.**

Where, upon appeal in a habeas corpus proceeding refusing the reduction of bail, there was no statement of facts to sustain the application for writ of habeas corpus, and the grounds alleged therein for the reduction of bail, the same could not be considered.

Appeal from the District Court of El Paso.   Tried below before the Hon. James R. Harper.

Appeal from a habeas corpus proceeding refusing reduction of bail. The opinion states the case.

No brief on file for relator.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is an appeal from a judgment in a habeas corpus proceeding refusing to reduce bail.

The application for writ of habeas corpus alleges that relator was indicted for offering to bribe an officer. The indictment was defective, and another indictment found. Motion to quash second indictment was made and overruled, a trial had, and conviction obtained resulting in a punishment of two years confinement in the penitentiary. Motion for new trial was overruled, and bail fixed in the sum of $5,000 pending appeal to the Court of Criminal Appeals. It is alleged that

the applicant was unable to give that amount of bond, not having sufficient property to secure others in going on his bond, and that he was without friends of sufficient financial ability to make the bond in that amount. The court heard the case and refused to reduce the bail. From this judgment this appeal is prosecuted.

The record is before us without a statement of facts. All we have is the transcript of the proceedings of the matters above mentioned. When the transcript was completed the clerk of the District Court put the usual certificate on same to the effect that the foregoing transcript of twenty pages is a true and correct copy of all the papers filed and all proceedings had in the habeas corpus cause No. 5183, styled Ex parte W. A. Naill, as the same appears now on file and of record in the office of the clerk. The certificate is officially signed with the impress of the seal of the court. Following this certificate is the following agreement: "It is hereby agreed in the above and foregoing cause that the facts as set forth in the above application are true and correct." Signed W. S. Howe, District Attorney; M. W. Stanton, Dan M. Jackson and Moore & Moore, attorneys for defendant. There was no approval of this agreement by the judge who tried the case. As this matter is presented, we are unable to revise the action of the trial court in refusing to reduce the bail.

The application for writ of habeas corpus states the matters which have been sufficiently set out above, but the record does not contain any evidence sustaining the inability of the applicant to give the amount of bond required or any evidence by which this court could intelligently revise the action of the trial court. Every presumption will be indulged of the correctness of the ruling of the trial court, and in the absence of something to show the ruling was erroneous, this court will not disturb such ruling. The allegations in the petition that applicant was unable to give the bond, that his property was not sufficient to secure the sureties in going on his bond, or the refusal of friends to go on the bond, do not prove themselves. If there was evidence admitted to prove these matters, it is not contained in the record, and none of the matters agreed to by counsel have been approved by the trial judge. Therefore, as the matter is presented, we are unable to review the ruling of the court, and the judgment will be affirmed.

*Affirmed.*