denying relief, the applicant appeals. Affirmed.

Warren W. Moore, of Austin, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. The record in this case consists solely of this: An application by T. J. Basham to Judge Wilcox, of the Twenty-Sixth judicial district, for a writ of habeas corpus, claiming that he was unlawfully restrained of his liberty without any writ or authority, or color of authority, by the city marshal and the city clerk of the city of Austin, Tex. On the same day the judge granted this habeas corpus, by proper order, the writs issued and were served upon the city marshal and city clerk. The only other proceeding shown by the record is the judgment of the court, rendered on December 30th, reciting that the applicant was presented before him by the city marshal and clerk, and that he appeared in person and by counsel, "and thereupon the said application was duly presented to the court, and the court, after having heard the same, and the evidence and argument of counsel, is of the opinion, and so finds, that the said applicant should be remanded to the custody of George S. Matthews, sheriff of Travis county, Tex., and that the said applicant be by said Matthews turned over Jack Spain, agent of the state of Oklahoma." Then it so orders, adjudges, and decrees.

The applicant gave notice of appeal from this, and the court by further order directs that the said sheriff retain the custody of the applicant until the final determination of said appeal, and subject to the further orders of the Court of Criminal Appeals of Texas. There being no statement of facts or other matters shown by the record, the law requires us to presume that the judgment of the lower court was correct and fully supported by the evidence. Ex parte Naill, 59 Tex. Cr. R. 140, 127 S. W. 1031; Ex parte Robertson, 140 S. W. 98.

The judgment is therefore affirmed, and it will be the order of this court that the applicant be remanded to the custody of the sheriff of Travis county, to be by him delivered to the said Jack Spain, or other agent of the state of Oklahoma.

---

Ex parte TEAGUE.

(Court of Criminal Appeals of Texas. March 27, 1912.)

HABEAS CORPUS (§ 113*)—PROCEEDINGS—APPEAL—STATEMENT OF FACTS—NECESSITY.

The judgment of the trial court upon habeas corpus to admit to bail cannot be reviewed, in the absence of a statement of facts.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 102–115; Dec. Dig. § 113.*]

Appeal from District Court, Travis County; George Calhoun, Judge.

Application by John Teague for admission to bail. From a judgment fixing the bond in the sum of $5,000, he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Relator was arrested, charged with the homicide of George Duncan. He, resorting to the writ of habeas corpus, applied for bail. The trial court upon the hearing found relator entitled to bail, and fixed the bond in the sum of $5,000. From this judgment he prosecutes an appeal.

The record is before us without a statement of facts. In this condition of the record, there is nothing for this court to review.

The judgment will be affirmed.