any connection with the offense for which appellant was on trial and his criminal career should not be used as a vehicle upon which to convey the appellant to the penitentiary. Appellant is responsible only for his own acts and conduct and those with whom he is acting in the commission of the alleged offense, but not for the acts and conduct of some other party who had no connection with the offense charged.

For the error hereinabove pointed out, the judgment of the trial court is reversed, and the cause remanded.

## PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

LATTIMORE, Judge.

Appellant sought discharge from the custody of the sheriff of Grayson county by means of a writ of habeas corpus. Upon a hearing he was remanded to the custody of the sheriff, and from this order so remanding him he gave notice of appeal to this court.

We find in the record no statement of facts. In such case we are compelled to accord to the remanding judgment the support of sufficient facts. No other reason appearing for order otherwise, the judgment of the district court remanding the appellant will be affirmed.

**DAVIDSON et al. v. STATE.**

No. 18497.

Court of Criminal Appeals of Texas.

Oct. 28, 1936.

**Ex parte HORN.**

No. 18651.

Court of Criminal Appeals of Texas.

Oct. 28, 1936.

F. A. Dale, of Bonham, and Cox & Cox, of Sherman, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.