EX PARTE JOHN A. BRADY, *alias* JOHN A. BAILEY.

No. 20636. Delivered October 11, 1939.
Rehearing Denied November 15, 1939.

The opinion states the case.

*Lea & Edwards,* of El Paso, for appellant.

*Roy D. Jackson,* District Attorney, of El Paso, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

This is an appeal from an order of the Judge of the Thirty-fourth District Court of El Paso County, declining to discharge the relator upon a hearing of a writ of habeas corpus.

It appears from the record that relator was held by the sheriff of said County, under and by virtue of an Executive Warrant issued by the Governor of this State, in pursuance of a requisition warrant from the Governor of the State of California. Appellant contends that there was not sufficient evidence produced before the Court which authorized the Court to remand him; nor was there sufficient documentary evidence before the Governor of this State to justify the issuance of an Executive Warrant. There is no statement of facts in the record and in the absence of a statement of the facts we are unable to determine the sufficiency of the evidence in either respect.

Appellant next complains because the court overruled his application for a continuance. We are not favorably impressed with his contention. He merely states in his application that he cannot safely go to trial until he has had before him either the original documents presented to the Governor or certified copies thereof, but he fails to state in his application what he expected to show by said documents or that they were material in support of his allegation to the effect that he was illegally restrained of his liberty. The facts which show the materiality of the desired testimony should be set out in the application so that the Court may determine their materiality. See Art. 543 C. C. P.; Potett v. State, 72 S. W. (2d), 283; La Fitte v. State, 54 S. W. (2d), 136. Moreover the application fails to show that appellant exercised due diligence to secure the desired certified copies. See Allen v. State, 1 S. W. (2d), 637; Ex Parte Sloan 132 Tex. Crim. Rep., 573.

Appellant has two bills of exceptions in the record in which he complains of the admission of hearsay evidence by the state over his strenuous objections. In the absence of a statement of facts we cannot properly appraise the bills. Even if

it be conceded that the testimony complained of was hearsay, it would not authorize this Court to discharge him, because the hearing was before the court and the presumption obtains that he did not consider any hearsay testimony, but based his judgment wholly upon competent evidence.

Having reached the conclusion that no error is disclosed by the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

We think that the original opinion herein disposed of all matters properly before us. We have, however, read the statement of facts and find therefrom that sufficient facts were before the court below to warrant the remanding of the relator to the custody of the agent for the State of California.

The motion will be overruled.