### Ex Parte Elmer Ambrose.

No. 22519. Delivered March 31, 1943.
Rehearing Denied May 5, 1943.

The opinion states the case.

*Mat Davis*, of Gilmer, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

This is an appeal from an order of the Honorable Otis T. Dunagan, Judge of the 7th Judicial District Court of Texas, declining to discharge appellant from the custody of the sheriff upon the hearing of a writ of habeas corpus.

It appears from the transcript that appellant was tried and convicted in the District Court of Upshur County of the offense of rape and his punishment assessed at confinement in the State penitentiary for a period of five years, from which judgment of conviction he appealed to this court; that upon final submission of the case to this court the judgment of the trial court was affirmed, as will appear from 165 S. W. (2d) 188. When the mandate of this court reached the clerk of the District Court of said county, appellant being out on bond, a capias was issued and placed into the hands of the sheriff who, by virtue of said warrant, took appellant into custody. He then applied to the aforesaid judge for a writ of habeas corpus and prayed that upon hearing thereof he be ordered discharged. In the application for said writ, which appears to be duly verified, he charges many irregularities on the part of the trial court. However, the record is not accompanied by any statement of facts, but the judgment shows that evidence was introduced upon the hearing thereof. In the absence of a statement of facts we are not in a position to say that the court committed any error in declining to discharge appellant. The application for the writ, although sworn to, is but a pleading and does not prove itself. See Ex parte Bowers, 131 Tex. Cr. R. 273.

Therefore the judgment of the trial court is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant, by affidavit of his attorney, seeks to excuse his failure to file a statement of facts in this case, by saying that he filed an affidavit of inability to pay for a transcript of the testimony, and that the court reporter failed to furnish a statement of facts.

There is no allegation in the affidavit of appellant's counsel, nor does it otherwise appear from the record before us, that the affidavit or inability to pay for a transcript of the testimony was presented to the trial judge, or that an order was made by the trial judge directing the court reporter to prepare, and to furnish the appellant, a transcript of the testimony.

In order for an accused to avail himself of the right to have the court reporter prepare a transcript of the testimony because of his inability to pay therefor, it is necessary not only that the affidavit comply with the statute but that it be called to the attention of the trial court, and the record must so reflect. Fulton v. State, 101 S. W. (2d) 251, and authorities there cited.

The appellant's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.