### EX PARTE BETTIE MAE JAMES.

No. 22894. Delivered May 10, 1944.
Rehearing Denied June 21, 1944.

The opinion states the case.

O. M. *Lord* and L. F. *Chester*, both of Beaumont, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The relator filed her original application for writ of habeas corpus in the Criminal District Court of Jefferson County, alleging that she was being illegally confined and restrained of her liberty by Artie Pollock, Chief of Police of the City of Beaumont, and upon a hearing, judgment was entered in said cause denying the relief sought and directing that relator be remanded to the custody of respondent, from which said judgment of the court relator prosecutes this appeal.

The statement of facts brought forward in said cause is in question and answer form, and this court has held many times that it cannot be considered unless in narrative form. Art. 760, subd. 1, and Note 23, under said article, Vernor's Ann. C.C.P., Vol. 3, page 100.

From the briefs filed in behalf of the appellant, it is apparent that reliance is had upon the contention that Article 4445, Revised Civil Statutes, is unconstitutional, and many grounds are set out and discussed in this behalf We recognize the force of the argument thus made, but feel that the decisions of this court and others on the subject have been overlooked and that the question has been definitely settled upon many occasions and with good reasoning supported by authorities of other states in which the police power of the state was of necessity extended to the question involved in no uncertain manner. The right of the Government to quarantine against contagious and communicable diseases is as vital to human existence as is the law of self-defense. The right has been upheld and the legislation construed to meet the emergencies of the diseases named in the legislation. This court cannot agree that other provisions of our Constitution may destroy this power. A lengthy discussion will not be entered into. We respectfully refer to Ex parte Brooks, 212 S. W. 956, 85 Tex. Cr. R. 397; Ex parte Hardcastle, 208 S. W. 531, 2 A.L.R., 1539; and Ex parte Gilbert, 135 S. W. (2d) 718.

In the absence of a statement of facts, which should include the charter and ordinances of the city on the subject, we are unable to consider the question of procedure involved.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES; Judge.

Relator contends that we should consider the statement of facts herein because this is a civil action and governed by the rules laid down relative to appeals in civil cases. With this contention we are not in accord. See Ex parte Adams, 13 S. W. (2d) 842; Ex parte Wair, 93 S. W. (2d) 160.

We find from the record that the sheriff is holding relator by virtue of a certain warrant of arrest and quarantine, alleging that she was a person afflicted with a contagious and communicable disease, said warrant being issued out of the office of city health officer of Beaumont, Texas, as is provided by Art. 4445, R. C. S.

This appeal is from the refusal of discharge under a writ of habeas corpus from the Criminal District Court of Jefferson

County, notice of appeal being given by relator to the Court of Criminal Appeals, and we are of the opinion that the rules governing the appeal of criminal cases should govern herein.

The motion will be overruled.