EX PARTE ORACIO GAMEZ.

No. A-2523. Decided March 1, 1950.
(228 S. W., 2d Series, 133.)

G. *Woodson Morris,* of San Antonio, for relator.

MR. JUSTICE TAYLOR delivered the opinion of the Court.

This is an original proceeding in this Court upon petition of Oracio Gamez, as Relator, for a writ of habeas corpus. Attached to the petition (marked Exhibit A) is a copy of the body of an order and commitment, made by the Honorable Delos Finch, Judge Presiding of the 73rd District Court of Bexar County, Texas, reading as follows:

"On this the 26th day of January, A. D. 1950, came on to be heard the motion of Defendant, Alejandra Gamez, for the Plaintiff Oracio Gamez, to show cause, if any he has, why he should not be held for contempt of court for failure to pay the sum of $25.00 per week alimony for his wife, to wit: Alejandra Gamez, and the defendant, Alejandra Gamez, appeared through her attorney, and the plaintiff in person and with his attorney, and the Court, after hearing the evidence is of the opinion that the defendant, Oracio Gamez, is guilty of contempt of Court.

"It is therefore ordered, adjudged and decreed * *. * that the defendant, Oracio Gamez, is hereby found guilty of contempt of court and it is * * * the order of this Court that the Sheriff of Bexar County, Texas, do take the body of Oracio Gamez and place him in the county jail for (3) days, that he be fined ($10.00) Dollars and costs. The clerk of this Court will deliver to the Sheriff of Bexar County, Texas, this order which will serve as a commitment order in this case."

The concluding paragraph of the petition is as follows:

"Your Relator says that thereupon in pursuance of said order

he was taken into custody by the Sheriff of Bexar County, Texas, and placed in the county jail * * * on * * * January 26, 1950, and is at this time (January 28, 1950) being held in custody and under illegal restraint by the Honorable Owen W. Kilday, the Sheriff of Bexar County, Texas."

Leave was granted Relator by this Court in banc in chambers on January 28, 1950, to file his petition in which are set out the alleged grounds upon which issuance of the writ is prayed for. This Court in granting leave to file made an order directing its Clerk to file same and issue the writ as prayed, returnable Wednesday, February 8, 1950, at 9 o'clock a. m. The order further directed that Relator be admitted to bail upon giving a good and sufficient bond in the sum of $500.00, to be approved by the Sheriff of Bexar County, pending a hearing on return date, and until otherwise ordered. Whereupon the case was duly docketed and numbered A-2523 on this Court's cause docket as Exparte Oracio Gamez, Original Petition for Habeas Corpus, and notice was duly given by Geo. H. Templin, Clerk, to Owen W. Kilday, Sheriff of Beyar County, on January 28, 1950, as his authority to release petitioner upon his furnishing the requisite bond, conditioned that he would appear before this Court at the time and place directed, and await its further orders.

Relator made his appearance in compliance with the tenor and effect of the foregoing proceedings for a rehearing upon the merits of the case, and the cause was submitted to this Court upon presentation by his attorney, without a statement of facts.

It appears from Relator's petition, as well as from the record as a whole, that he was accorded due process by the Honorable Delos Finch, Judge Presiding at the show-cause contempt hearing held on January 26, 1950, as above set out. The petition discloses that the hearing was duly held; that Relator appeared in person and with his attorney and testified, and that the finding that he was guilty of contempt of court was not made and entered by the Honorable Trial Judge until after all of the evidence proffered by Relator in his own behalf had been heard and considered.

In the absence of a statement of facts this Court is restricted to a consideration of the sole question of the jurisdiction of the trial judge to make the order and commitment complained of. Exparte Testard, 101 Texas 250, 106 S. W. 319; Exparte Genecov, 143 Texas 476, 186 S. W. (2d) 225, 160 A. L. R. 1009, cert.

den. 66 S. Ct. 41, 326 U. S. 733, reh. Den. 66 S. Ct. 137, 326 U. S. 808, 90 L. Ed. 493; Exparte Klugsberg, 126 Texas 225, 87 S. W. (2d) 465; Exparte Birkhead, 127 Texas 556, 95 S. W. (2d) 953; Exparte Fisher, 146 Texas 328, 206 S. W. (2d) 1000. (Affirmed 336 U. S. 155.)

It was pointed out by this Court more than forty years ago, speaking through Justice Williams in the writ of habeas corpus proceeding, Ex parte Testard, supra, that it was then so well established that it was "unnecessary to cite authorities to the proposition that this Court is restricted to the inquiry whether or not the commitment is void"; and further, that "an attack based upon the charge that * * * a conviction was adjudged without any evidence, necessarily depends for its success upon what was done in the trial court, and must be supported by a showing of all that occurred there," that is, by a statement of facts.

The law pertinent here is aptly stated thus in Exparte Klugsberg, supra:

"The record is before us without a statement of facts, and therefore, for the purposes of this opinion, we must assume that the findings in the contempt judgment, express and implied, are true. * * * We further assume that relator wilfully violated the receivership order * * *."

The law is reiterated as follows in Exparte Birkhead, supra, a habeas corpus case involving payment of alimony:

"The case is before us without a statement of facts. We are therefore compelled to assume the evidence justified the order of contempt."

From what has been said it is obvious that under the present facts Relator is not entitled to the relief sought. He is therefore remanded to the custody of the Sheriff of Bexar County to serve the few hours remaining of the three-day commitment. It is so ordered.

Opinion delivered March 1, 1950.

No rehearing filed.