testimony is for the jury. The court so instructed the jury in his charge.

The majority opinion also appears to overlook the fact that the jury was not bound to accept appellant's testimony or any part thereof as true, and apparently they did not.

Viewed in the light most favorable to the State, the evidence should be held sufficient to sustain the conviction.

**Ex parte Leon (Leo Danile) MARTINEZ.**

No. 28682.

Court of Criminal Appeals of Texas.

Jan. 23, 1957.

---

No attorney for appellant of record on appeal.

Henry Wade, Criminal Dist. Atty., George P. Blackburn, Harvey Lindsay, Beth J. Wright, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The appeal is from an order entered in a habeas corpus proceeding wherein appellant was remanded to custody to be returned to the State of Wisconsin.

The return of the sheriff on the writ of habeas corpus issued June 13, 1956, showed that appellant was in custody under authority of an Executive Warrant.

The judgment remanding appellant for extradition was entered on June 14, 1956, after a hearing, and notice of appeal was given the same day.

The statement of facts relating to the hearing was filed in the trial court on September 13, 1956. It cannot be considered for the reason that it was not filed within 90 days after giving notice of appeal.

The judgment is affirmed.