**Ex parte Charles Denton WATSON.**

**No. 43039.**

Court of Criminal Appeals of Texas.

May 6, 1970.

Rehearing Denied June 24, 1970.

Wm. M. Boyd, McKinney, for appellant.

Tom Ryan, County Atty., McKinney, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from an order of the Honorable David H. Brown, Judge of the 59th District Court of Collin County, in a habeas corpus proceeding remanding appel-lant to custody for extradition to the State of California.

The Executive Warrant of the Honorable Preston Smith, Governor of Texas, regular on its face, was introduced making a prima facie case. The warrant recited that appellant stood charged by indictment with the crime of murder and conspiracy to commit murder.

The warrant was dated the 6th day of January, 1970. An application for a writ of habeas corpus was filed on the 14th day of January. After the writ was granted, a motion for a continuance was filed by appellant and was granted. The hearing to determine if relief should be granted was held on the 16th day of February, and notice of appeal was given the same day. The transcription of the court reporter's notes appears to have been completed on the 24th day of February. The State filed a motion for the court to approve and forward the record to this Court. After a hearing, the court, on the 1st day of April, granted the motion and ordered the record sent to this Court without delay. The record was filed by the clerk of this Court on the 8th day of April.

Appellant contends that Article 40.-09, Vernon's Ann.C.C.P., is applicable in that he should have 90 days from the date notice of appeal was given (February 16, 1970) to file the statement of facts or transcription of the court reporter's notes, and after that 30 days in which to file his appellate brief, and after that the State has 30 days in which to file an appellate brief.

Article 40.09, paragraph 1, provides as follows:

"In all *cases* appealable by law to the Court of Criminal Appeals, the clerk of the court that entered *the conviction sought to be appealed from* shall * * * make and prepare an appellate record comprising a true copy of the

matter designated by the parties, *but shall always include,* whether designated or not, copies of the material pleadings, material docket entries made by the court, *the charge, verdict, judgment, sentence,* notice of appeal, any appeal bond, all written motions and pleas and orders of the court, and bills of exception." (Emphasis added).

The State contends that Article 44.34, V.A.C.C.P., *"Appeal in habeas corpus,"* enacted in the 1965 Code of Criminal Procedure, applies. It provides as follows:

"When the defendant appeals from the judgment rendered on the hearing of an application under habeas corpus, a record of the proceedings in the cause shall be made out and certified to, together with all the testimony offered, and shall be sent up to the Court of Criminal Appeals for review. This record, when the proceedings take place before the court in session, shall be prepared and certified by the clerk thereof; but when had before a judge in vacation, the record may be prepared by any person, under direction of the judge, and certified by such judge."

Article 44.34, supra, applies. This article as titled "Appeal in habeas corpus" shows

the intent of the Legislature that it should apply in such proceedings. No definite time has been provided for preparation or forwarding the record for review. Judge Brown did not err in ordering the record sent to this Court some six weeks after its completion.

If we were to hold that the provisions for appeal after a trial and a conviction in a criminal case under Article 40.09, supra, should apply in habeas corpus proceedings, the State could delay the final decision for so long a time that our constitutional right to the habeas corpus relief [1] could be suspended and made meaningless. According to appellant's contention and computation the minimum time for such appeal to reach this Court would be 150 days after the giving of the notice of appeal.[2]

Appellant relies upon Ex parte Hill, 159 Tex.Cr.R. 238, 262 S.W.2d 507 (1953), where Hill sought his discharge by writ of habeas corpus filed in a county court at law alleging that he was illegally restrained because of a void conviction. After relief was denied, he gave notice of appeal. The record did not contain a complaint or judgment upon which his conviction rested, and at most, the record showed that he was being held for failing to pay a

1. Article 1, Section 12, of the Constitution of Texas, Vernon's Ann.St., provides:
"The writ of habeas corpus is a writ of right, and shall never be suspended. The Legislature shall enact laws to render the remedy speedy and effectual."

2. Article 11.07, V.A.C.C.P., provides in post conviction habeas corpus proceedings that after the judge conducts the hearing and makes his findings,
" * * * It shall be the duty of the official court reporter or the district judge or judges so designated to forthwith prepare a narration of the facts adduced in evidence upon any such hearing and transmit the same, together with the judge's findings of fact and conclusions of law, to the clerk of the Court of Criminal Appeals within *ten* days of the date of such hearing. And it shall be the duty of the district clerk of the county wherein the writ

is issued to make up a transcript of all pleadings in such case and to transmit the same within *thirty days* to the clerk of the Court of Criminal Appeals. Provided, that upon good cause shown, the time may be extended by the Court of Criminal Appeals for filing of such narration of facts or transcript."
Article 44.36, V.A.C.C.P., provides as follows:
"Cases of habeas corpus, taken to the Court of Criminal Appeals by appeal, shall be heard at the earliest practicable time. The defendant need not be personally present, and such appeal shall be heard and determined upon the law and the facts arising upon record. No incidental question which may have arisen on the hearing of the application before the court below shall be reviewed. The only design of the appeal is to do substantial justice to the party appealing."

bill of costs in the trial court "for speeding." Absent the complaint or judgment on which Hill was convicted, the relief was denied.

On motion for rehearing in Hill, supra, it was noted that "Exhibits on Appeal" had been filed long after 90 days, provided for in the then Article 759a, Vernon's Ann.C. C.P., had expired. The Court held that the "supplemental statements of fact" were filed too late to be considered and held that the provisions of Article 759a, supra, applied to habeas corpus proceedings.

That case was construing the statute then in effect which provided that a statement of facts could not be filed when more than 90 days had expired after the giving of the notice of appeal. Its holding is limited to the construction of the statute then in effect based upon the facts set forth therein, and is not controlling in the present case.

The only contention made by appellant in resisting extradition was that the request for his return to California should be refused because of the widespread publicity given the murder of Sharon Tate and others for which he had been charged, and that such publicity would prevent his receiving a fair trial.

The proper forum to decide when the trial should be held is the California court. The review of the trial, if any, will be in the appellate courts of that state.

Appellant has had sufficient time to review the record, and he has cited no authority during the hearing before Judge Brown or in this Court to prevent his extradition on such ground, and we know of none.

We have no reason or right to prejudge a case to be tried in another state and will not do so.

The order remanding appellant to custody for extradition is affirmed.