**Ex parte Edward Matthew SCHOEN.**

**No. 43397.**

Court of Criminal Appeals of Texas.

Nov. 4, 1970.

Rehearing Denied Dec. 31, 1970.

Jimmy Phillips, Angleton, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Justice.

This is an appeal from an order entered in a habeas corpus proceeding in the 180th District Court of Harris County remanding appellant to custody for extradition to the State of Louisiana to answer the charge of theft.

The habeas hearing was held before the trial court on February 6, 1970, and on that date the court entered judgment remanding appellant to custody for the purpose of extradition. Notice of appeal was given. On May 7, 1970, the trial court extended the time for filing a transcription of court reporter's notes to August 6, 1970. On August 7, 1970, no such transcription having been filed, the record was forwarded to this court. The record was received in this court on August 10, 1970. It is here noted that appellate procedure in such habeas corpus proceedings is not governed by the provisions of Article 40.09, Vernon's Ann.C.C.P. See Ex parte Watson, Tex.Cr.App., 455 S.W.2d 300.

The State's brief urges that since there is no transcription of the court reporter's notes, no bills of exception filed and no brief on appeal alleging error and all proceedings appearing to be regular, nothing is presented for review.

On October 7, 1970, prior to the submission of this cause on appeal, there was filed a "Motion To Amend Record By Filing Late Statement Of Facts And Exhibits." On October 7, 1970, this cause was submitted. Subsequent to said date a transcription of the court reporter's notes (statement of facts) and a brief have been

received by this court (October 26, 1970). Said transcription reflects that at the habeas hearing the Governor's Warrant for extradition signed by the Acting Governor of Texas, H. J. Blanchard, and regular on its face, was introduced into evidence. Further, it appears the appellant and his trial counsel stipulated with the State that he was the same person named in the said Governor's Warrant and that said warrant alleges he is charged with a crime against the law of the State of Louisiana and that he was present in Louisiana on the date the offense is alleged to have been committed; that he is charged by virtue of an affidavit made before a magistrate with a warrant based thereon.

■ We note that it is well established that the introduction of the Governor's Warrant, regular on its face, makes out a prima facie case authorizing extradition. Ex parte Kronhaus, Tex.Cr.App., 410 S.W. 2d 442; Ex parte Juarez, Tex.Cr.App., 410 S.W.2d 444 and cases there cited.

■ We find no merit in appellant's claim that the stipulation in support of the Governor's Warrant cannot be considered since the stipulation was not in writing and did not comply with the requirements of Article 1.15, V.A.C.C.P. We hold that Article 1.15, supra, is not applicable to habeas corpus proceedings involving extradition. Under the circumstances, the validity of the stipulation is immaterial.

■ Appellant further urges that there are certain defects in the supporting papers. He candidly admits such supporting papers were not introduced during the habeas proceedings and are attached only to the "Motion To Amend Record By Filing Late Statement Of Facts And Exhibits." They are, therefore, not before us for review and appellant is in no position to complain. Ex parte Felker, 169 Tex.Cr.R. 607, 336 S.W.2d 161.

The judgment is affirmed.