**Ex parte Thomas R. BUEL, Jr.**

**No. 44246.**

Court of Criminal Appeals of Texas.

June 23, 1971.

James H. Miller, Dallas, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from an order entered in Criminal District Court No. 2 of Dallas County, Texas on the 14th day of March, 1969, remanding appellant to custody of the sheriff of Dallas County for extradition to the State of Illinois.

█ The executive warrant of the Honorable John Connally, then governor of Texas, reciting in substance that appellant stands charged by indictment with the offense of forgery and theft and with a warrant for his arrest was introduced into evidence. The notice of appeal was given on the *14th day of February, 1969.* The record reached this Court on *May 11, 1971.* The only reason for the delay that appears in the record is that the petitioner herein filed three motions to extend time for filing brief on appeal which were granted and the State filed five motions to extend time for filing brief on appeal which were granted. There is no brief for the State filed herein. The rules for appeal in habeas corpus apply in extradition proceed-

ings and the record should be prepared and sent to this Court without delay. The rules for preparing records and briefs for appeal from convictions under Art. 40.09, Vernon's Ann.C.C.P., do not apply. See: Ex parte Starks, Tex.Cr.App., 464 S.W.2d 837; Ex parte Watson, Tex.Cr.App., 455 S.W.2d 300.

■ Introduction of the executive warrant, regular on its face, made a prima facie case authorizing extradition. Ex parte Young, Tex.Cr.App., 455 S.W.2d 287.

The supporting papers were introduced which had two affidavits that stated that the petitioner was present in the county of Cook, State of Illinois on the first day of April, 1966 and the requisition from the governor of Illinois to the governor of Texas sets forth that the relator was present in the State of Illinois when committing his crime. The indictment from Cook County states that the offense was committed on April 1, 1966 in said county. See: Ex parte Baker, Tex.Cr.App., 465 S.W.2d 379.

■ Petitioner contends that he was not in Cook County or the State of Illinois on April 1, 1966, and so testifies. His testimony, however, is not supported by any other witness. The witness Ray Torgerson, testified that the petitioner was in Texas on March 29. There being no evidence except that of the petitioner that he was not in the State of Illinois on April 1, 1966 is not sufficient to overcome the presumption of the prima facie case established by the governor's warrant of the State of Texas. Ex parte Thomas, Tex.Cr. App., 393 S.W.2d 908; Ex parte Overaker, Tex.Cr.App., 404 S.W.2d 595; see also: Ex parte Matthews, Tex.Cr.App., 430 S.W.2d 506; Ex parte Mach, Tex.Cr.App., 448 S.W.2d 126; Ex parte Clubb, Tex.Cr. App., 447 S.W.2d 185.

■ Petitioner's sole contention is, "The court erred when it quashed the subpoena duces tecum and for this reason the cause should be reversed." Said subpoena was directed to John Da Jani or Harold Foster, Jack Tar Motor Hotel, Galveston, Texas and directed either of them to bring "all documents, cards, records, ledgers, papers, registration slips, cards, documents or other instruments listing or setting forth the names of all registered guests in the Jack Tar Motel on the dates of March 31, April 1, and April 2, 1966" and to appear in court with the same. The motion was duly made by an attorney for the management of the Jack Tar Motor Hotel to quash the subpoena which said motion was granted by the court. The documents so subpoenaed not being conclusive of the fact whether or not the appellant was in the State of Illinois on the date in question and therefore being immaterial and irrelevant to the cause at hand, there is no abuse of discretion shown on the part of the trial court by quashing the motion.

The order remanding the appellant to custody for extradition is affirmed.

No motion for rehearing will be entertained or filed by the clerk except by leave of this Court after good cause has been shown.