**Ex parte Henry HENDERSON, Jr.**

**No. 57115.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 15, 1978.

Opinion on Appellant's Motion for Rehearing April 26, 1978.

---

1.  See *Ex parte Henderson,* 565 S.W.2d 50 (No. 57,115, this day decided).

Douglas H. Parks, Dallas, for appellant.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order in a habeas corpus proceeding where a reduction of bail pending appeal was sought.

The dissent would hold that Article 44.34, V.A.C.C.P., requires that a transcription of the court reporter's notes must be made a part of the record even though it is not requested by an appellant.[1]

Article 44.34 provides:

"When the defendant appeals from the judgment rendered on the hearing of an application under habeas corpus, a record of the proceedings in the cause shall be made out and certified to, together with all the testimony offered, and shall be sent up to the Court of Criminal Appeals for review. This record shall be sent up to the Court of Criminal Appeals within fifteen days after the date of the judgment, except that if good cause is shown, the time may be extended by the Court of Criminal Appeals. This record, when the proceedings take place before the court in session, shall be prepared and certified by the clerk thereof; but when had before a judge in vacation, the record may be prepared by any person, under direction of the judge, and certified by such judge."

Apparently the dissent would require the trial court to have such a transcription prepared even though a wealthy petitioner did not want or request it.[2]

The cases under Article 44.34 and its predecessors have uniformly held that absent a transcription of the court reporter's notes or a statement of facts a cause will be affirmed. See e. g. *Ex parte Naill,* 127 S.W. 1031 (Tex.Cr.App.1910); *Ex parte Palmer,* 136 Tex.Cr.R. 245, 124 S.W.2d 860 (1939); *Ex parte Moore,* 318 S.W.2d 667 (Tex.Cr.App.1958); and *Ex parte Kindell,* 415 S.W.2d 922 (Tex.Cr.App.1967). There is no reason to change the rule.

The implicit rationale of those cases was that the burden was on an appellant or petitioner to request such notes to be placed in the record or the right to such transcription was waived.

Whether Article 44.34 is mandatory or directory, petitioner may waive compliance with the provision. Article 1.14, V.A.C.C.P., provides as follows:

"The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case."

---

1. See *Ex parte Sims,* Tex.Cr.App., 565 S.W.2d 45 (No. 55,139, decided this day on motion for rehearing which overrules the original holding and holds contrary to the contention of the dissent).

2. Upon request, an indigent defendant will be furnished a transcription of the court reporter's notes without cost. If one is not indigent, a transcription of such notes will be furnished upon his request, but he must pay for it. Under the theory of the dissent, who would pay for such a record if a wealthy defendant did not request it?

Even if we be wrong in the construction of Article 44.34, the rule that we follow today has been the procedure for many years. There is little chance, if any, for one to be injured or an injustice be done by the well-established rule. All one has to do to secure the transcription of the court reporter's notes in his case is to ask for it and, if he is able to do so, pay the costs.

Many court reporters are having trouble preparing records in the time prescribed by law. We will not add to that burden when there is no good reason for it.

For the above reasons, the judgment is affirmed.

ONION, Presiding Judge, concurring.

This appeal is from an order entered in a habeas corpus proceeding refusing to lower the bail pending appeal from four felony convictions.

Bail pending appeal was set at $10,000 in each case. On November 22, 1977 appellant filed his application for writ of habeas corpus seeking a reduction of bail. On the same date the district court conducted a hearing on said application, and having heard the evidence presented, entered an order denying the reduction of bail. Notice of appeal was given. Subsequently the record, sans a transcription of the court reporter's notes (statement of facts), was approved by the trial court noting that no objection was made to said record. Thus, the appellate record before us consists of a clerk's transcript without a statement of facts and without briefs by either the appellant or the State. No contention on appeal has been advanced.

It has long been held by this court in appeals from habeas corpus proceedings (including the refusal to reduce bail)[1] that in the absence of a statement of facts nothing is presented for review. In accordance with such cases, this judgment in this appeal should be affirmed.

It was not until the majority opinion on original submission in *Ex parte Sims,* 565 S.W.2d 45 (Tex.Cr.App. # 55,139, 11/23/77) (now on rehearing), that there was any indication that any other result would be reached. There the majority, although the contention was not raised by either party, interpreted Article 44.34, V.A.C.C.P., as amended as requiring the clerk to prepare a complete record including the statement of facts, whether requested by the appellant or not, and without regard to whether the appellant was indigent or not. The majority held that an appellate record in a habeas corpus proceeding will call for the abatement of the appeal rather than an affirmance.

It is interesting to trace the history of Article 44.34, supra, and its predecessors back to at least 1879.

Article 881, V.A.C.C.P. (1879), provided:

"When the defendant appeals from the judgment rendered on the hearing of an application under *habeas corpus,* a transcript of the proceedings in the cause shall be made out and certified to, together with all the testimony offered, and shall be sent up to the court of appeals for revision. This transcript, when the proceeding takes place before a court in session, shall be prepared and certified by the clerk thereof; but when had before a judge in vacation the transcript may be prepared by any person under the direction of the judge and certified by such judge."

Said Article 881 became Article 916, V.A.C.C.P., in 1895 and later said Article 916 became Article 950, V.A.C.C.P., in 1911 and said Article 950 became Article 857, V.A.C.C.P., in 1925, all without change.

In 1965 said Article 857 became Article 44.34, V.A.C.C.P., with minor changes. The word "review" was substituted for the last word "revision" in the first sentence, and the word "record" was substituted for the word "transcript" elsewhere in the statute.

---

1. *Ex parte Clay,* 51 S.W. 241 (Tex.Cr.App. 1899); *Ex parte Naill,* 127 S.W. 1031 (Tex.Cr. App.1910); *Ex parte Fleming,* 97 Tex.Cr.R. 304, 261 S.W. 1037 (1924); *Ex parte Marteliano,* 155 Tex.Cr.R. 221, 233 S.W.2d 504 (1950); *Ex parte*

*Mauck,* 158 Tex.Cr.R. 200, 254 S.W.2d 128 (1953). See also 19 Tex. Digest, Habeas Corpus, § 113(9)(k); *Ex parte Teague,* 145 S.W. 620 (Tex.Cr.App.1912); *Ex parte Northern,* 63 Tex.Cr.R. 275, 140 S.W. 95 (1911).

In *Ex parte Watson,* 455 S.W.2d 300 (Tex. Cr.App.1970), it was held that Article 44.34, supra, controls the appellate procedure in habeas corpus cases rather than Article 40.-09, V.A.C.C.P., relating to appeals from convictions in criminal cases.[2] It became clear from *Watson* that there were no time limits for sending up the appellate record in such cases. Then in 1973 Article 44.34, supra, was amended to provide for such time limitation and an additional sentence was added. Such statute now reads:

"When the defendant appeals from the judgment rendered on the hearing of an application under habeas corpus, a record of the proceedings in the cause shall be made out and certified to, together with all the testimony offered, and shall be sent up to the Court of Criminal Appeals for review. This record shall be sent up to the Court of Criminal Appeals within fifteen days after the date of the judgment, except that if good cause is shown, the time may be extended by the Court of Criminal Appeals. This record, when the proceedings take place before the court in session, shall be prepared and certified by the clerk thereof; but when had before a judge in vacation, the record may be prepared by any person, under direction of the judge, and certified by such judge." Acts 1973, 63rd Leg., p. 1270, ch. 465, § 1 (1973 amendment is underlined above.)

It is observed that this statute has undergone little change in almost one hundred years and has never prescribed with much detail the appellate procedure to be followed in appeals from habeas corpus proceedings.

As early as 1885 it was held that the rules governing the transmission of transcripts in other criminal cases do not govern in habeas corpus appeals. See *Ex parte Barrier,* 17 Tex.App. 585 (1885); *Ex parte Kramer,* 19 Tex.App. 123 (1885).[3]

Habeas corpus appeals determined when the various statutes described above were in effect clearly established on the years that in the absence of statement of facts in appeal in habeas corpus proceedings nothing is presented for review, and it is presumed that the judgment entered in the trial court is correct. See, e. g., *Ex parte Carrington,* 129 Tex.Cr.R. 613, 91 S.W.2d 345 (1936); *Ex parte Horn,* 97 S.W.2d 698 (Tex.Cr.App.1936); *Ex parte Brady,* 137 Tex.Cr.R. 609, 132 S.W.2d 592 (1939); *Ex parte Ambrose,* 145 Tex.Cr.R. 582, 170 S.W.2d 731 (1943); *Ex parte Grubman,* 146 Tex.Cr.R. 500, 176 S.W.2d 335 (1943); *Ex parte Canavan,* 147 Tex.Cr.R. 493, 182 S.W.2d 818 (1944); *Ex parte Stone,* 152 Tex.Cr.R. 351, 214 S.W.2d 127 (1948); *Ex parte Toalson,* 252 S.W.2d 161 (Tex.Cr.App. 1952); *Ex parte Freed,* 254 S.W.2d 792 (Tex.Cr.App.1953); *Ex parte Taylor,* 259 S.W.2d 222 (Tex.Cr.App.1953), cert. den., *Taylor v. Moore,* 350 U.S. 997, 76 S.Ct. 548, 100 L.Ed. 861; *Ex parte Lewis,* 263 S.W.2d 557 (Tex.Cr.App.1954); *Ex parte Chapa,* 287 S.W.2d 178 (Tex.Cr.App.1956); *Ex parte Lawhon,* 295 S.W.2d 660 (Tex.Cr.App.1956). See also *Ex parte Adams,* 13 S.W.2d 842 (Tex.Cr.App.1929); *Ex parte Palmer,* 136 Tex.Cr.R. 245, 124 S.W.2d 860 (1939); *Ex parte Combs,* 132 Tex.Cr.R. 500, 105 S.W.2d 1096 (1937); *Ex parte Slayden,* 238 S.W.2d 706 (Tex.Cr.App.1951); *Ex parte Hopkins,* 368 S.W.2d 223 (Tex.Cr.App.1963); *Ex parte Kindell,* 415 S.W.2d 922 (Tex.Cr.App. 1967). And see cases cited in footnote # 1.

Implicit in these holdings is the requirement that it is the appellant's duty and responsibility to secure the statement of

---

**2.** To the same effect are *Ex parte Buel,* 468 S.W.2d 385 (Tex.Cr.App.1971); *Ex parte Starks,* 464 S.W.2d 837 (Tex.Cr.App.1971); *Ex parte Schoen,* 460 S.W.2d 923 (Tex.Cr.App. 1970); *Ex parte Bunch,* 519 S.W.2d 653 (Tex. Cr.App.1975).

**3.** These holdings do not differ from *Ex parte Watson,* supra, and cases following *Watson.* They appear contrary to *Ex parte James,* 147 Tex.Cr.R. 430, 181 S.W.2d 83 (1944), holding

that on appeal from refusal of discharge under writ of habeas corpus, notice of appeal having been given to the Court of Criminal Appeals, rules governing appeals in criminal cases would control. See and cf. *Ex parte Martinez,* 297 S.W.2d 842 (Tex.Cr.App.1957); *Ex parte Hill,* 159 Tex.Cr.R. 238, 262 S.W.2d 507 (1953); *Ex parte Denson,* 165 Tex.Cr.R. 420, 307 S.W.2d 952 (1957).

facts for inclusion in the appellate record, and his failure to uphold his responsibility will be held against him. It is true that many of these decisions do not always mention the applicable statute and do not expressly spell out the responsibility of the appellant. However, each of the cases cited involved habeas corpus appeals,[4] while the various statutes described above were in effect governing appeals in habeas corpus proceedings.

In 53 Tex.Jur.2d, Statutes, § 192, pp. 294–298, it is written:

"Where a statute that has been construed, either by a court of last resort or by executive officers, is reenacted without any substantial change of verbiage, it will continue to receive the same construction. This settled rule applies whether the old act is merely amended or is incorporated in a revision; and it applies with particular force in the construction of a statute that has been repeatedly reenacted without change. On the other hand, the rule does not apply where substantial changes are made in the new law; and it may be doubted whether it applies where the existence and meaning of the reenacted statute are dependent on another written law.

"When a statute is reenacted without material change, it is generally presumed that the legislature knew and adopted or approved the interpretation placed on the original act, and intended that the new enactment should receive the same construction as the old one. Accordingly, the construction of the old act is regarded as a part of the new, and a different interpretation will be given only for impelling and cogent reasons."

Using this rule of statutory construction, I would interpret said Article 44.34 as it has been consistently interpreted in the past. I cannot conclude that the Legislature intended a different construction.

Further, and most importantly, attention is called to Article 2324, V.A.C.S., relating to the duties of a court reporter, which provides in part:

"... When any party *to any suit* reported by such reporter shall desire a transcript of the evidence in said suit, said party may apply for same by written demand, and the reporter shall make up such transcript and shall receive as compensation therefor a reasonable amount . . . ." (Acts 1975, 64th Leg., p. 826, ch. 319, § 1.) (Emphasis added.)

There were the same or similar provisions in the forerunners of this statute. See Acts 1955, 54th Leg., p. 1033, ch. 390; Acts 1925, 39th Leg., p. 670, ch. 202 (Article 2238, V.A.C.S.); Acts 1911, 32nd Leg., p. 264, ch. 119 (Articles 1923, 1924, V.A.C.S.). One of these statutes was in effect when most of the cases cited above were decided and should be considered in interpreting the meaning of those decisions.

I am fully aware, of course, of the current provisions of Article 11.07, V.A.C.C.P., as amended 1977 (Acts 1977, 65th Leg., p. 1974, ch. 789), dealing with the specialized procedure dealing with post-conviction habeas corpus proceedings in felony cases. It is provided in § 2(d) that if the *convicting* court decides that there are controverted, previously unresolved facts which are material to the legality of the applicant's confinement the court may order a hearing. Said subsection (d) then provides in part:

"... It shall be the duty of the reporter who is designated to transcribe a hearing held pursuant to this article to prepare a transcript within 15 days of its conclusion. After the convicting court makes findings of fact or approves the findings of the person designated to make them, the clerk of the convicting court shall immediately transmit to the Court of Criminal Appeals, under one cover, the petition, any answers filed, any motions filed, transcripts of all deposi-

---

4. These holdings are in accord with decisions in civil habeas corpus appeals, see e. g., *Ex parte Gamez,* 148 Tex. 562, 228 S.W.2d 133 (1950); *Lazaros v. State,* 228 S.W.2d 972 (Tex.Civ.App. 1950—Dallas), and in the normal appellate procedure in appeals from criminal convictions. See Article 40.09, § 5, V.A.C.C.P.

tions and hearings, any affidavits, and any other matters such as official records used by the court in resolving issues of fact."

This statute's immediate forerunner (Acts 1973, 63rd Leg., p. 1271, ch. 465) had a similar provision as to the duty of the court reporter. However, anyone who has followed the history of former Article 119, V.A.C.C.P. 1925, until it became Article 11.-07, V.A.C.C.P. (Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722) and most importantly, the amendments that have been made to said Article 11.07 (Acts 1967, 60th Leg., p. 1734, ch. 659; Acts 1973, 63rd Leg., p. 1271, ch. 465; Acts 1977, 65th Leg., p. 1974, ch. 789), knows that the procedure set forth is an exclusive procedure (§ 3 of the Article) that is limited to post-conviction habeas corpus proceedings in felony cases where unlike other habeas corpus proceedings the writ is expressibly made returnable to the Court of Criminal Appeals.[5]

Nothing in Article 11.07, supra, should be construed as calling for a different interpretation that has long been given Article 44.34, supra.

The construction urged by the majority in *Ex parte Sims* would place an almost impossible duty upon the clerk of the court to include in the appellate record of a habeas corpus matter the statement of facts regardless of whether the same has been requested or not, or whether the appellant is indigent or not, particularly when the clerk had no control, statutorily or otherwise, over the court reporter, who is an appointee of the trial court.

Further many, many general habeas corpus appeals are taken for delay only and there is no interest in a statement of facts.

I would affirm the judgment entered in this case.

ODOM, Judge, dissenting.

The majority now hold that the appellant in a habeas corpus appeal is responsible for securing a transcription of the court reporter's notes for inclusion in the record on appeal. This they do despite the plain language of Art. 44.34, V.A.C.C.P., which governs habeas corpus appeals. It is not a prerogative of this Court to ignore the clear mandate of the Legislature.

I adhere to the position taken by the majority on original submission in *Ex parte Sims,* Tex.Cr.App., 565 S.W.2d 45 (No. 55139). The majority fall short of expressly saying that they are relying on the procedures for preparing an appeal from a conviction under the provisions of Art. 40.09, V.A.C.C.P., but it is nevertheless clear that this is precisely what is being done without acknowledging the fact. See the dissenting opinion on original submission in *Ex parte Sims,* supra. This is in disregard of the rule that a special statute (Art. 44.34, supra) controls over a general statute in the event of conflict. In *Ex parte Watson,* 455 S.W.2d 300, this Court, in a unanimous opinion authored by today's voice for the majority, held that Article 44.34, supra, controlled over the provisions of Article 40.09, supra. The appellant in that case argued he was entitled to the time authorized by Art. 40.09 for filing the transcription of the court reporter's notes and for filing briefs. Judge Douglas wrote:

"Article 44.34, supra, applies. This article as titled 'Appeal in habeas corpus' shows the intent of the Legislature that it should apply in such proceedings. No definite time has been provided for preparation for forwarding the record for review. Judge Brown did not err in ordering the record sent to this Court some six weeks after its completion."

Of course, Article 44.34 has since been amended to require the record be sent to this Court within fifteen days of judgment, as pointed out in the majority opinion on original submission in *Sims,* supra. Such

---

5. These amendments to said Article 11.07 were also designed to encourage and facilitate evidentiary hearings in state courts in post-conviction habeas corpus proceedings so that state courts could retain control over such proceedings and to relieve federal district courts from having to always conduct such evidentiary hearings where state inmates brought federal habeas corpus proceedings.

amendment further evidences the intent of the Legislature that habeas corpus cases be speedily heard and decided.[1] The majority advance no reason for ignoring the clear mandate of the Legislature.

Assuming arguendo, however, that the majority are correct that the burden is on the appellant to request and secure a transcription of the court reporter's notes and deliver it to the clerk for inclusion in the record on appeal, as is the practice under Art. 40.09, supra, this appeal should nevertheless be abated.

The trial court denied appellant's motion to reduce bail and notice of appeal was given on November 22, 1977, and the record was approved by the trial judge fifteen days later on December 7, 1977. Appellant was not allowed sixty days to designate matters for inclusion in the record as is the practice under Art. 40.09(3), supra. How can the majority fault appellant for not putting the transcription in the record when he was not given time to do so? Appellant was not given notice of completion of the record before its approval as is also the practice under Art. 40.09(7), supra, and thus was denied the opportunity to object to the omission of the transcription from the record on appeal. How can the majority hold the absence of a transcription against appellant when he was not given an opportunity to examine the appellate record and object to this defect? If the burden is on the appellant to secure the transcription and put it in the record as concluded by the majority, then this appeal should be abated for failure to accord appellant the rights that arise under the other provisions of Art. 40.09, supra, and the opportunity to present a full appellate record to this Court under the practice set out in that article.

The majority have created a catch-22 where appellant is given an impossible task and then faulted for not doing the impossible. Habeas corpus and its appeal were designed by the legislature under the man-

date of Article I, Sec. 12, Texas Constitution, to be speedy. Applying to habeas corpus appeals the practice urged by the majority and its fair consequences is contrary to the legislative scheme, frustrates the constitutionally-founded purpose of speedy disposition, and denies this appellant the opportunity to have his case heard by this Court. This plain fact was acknowledged by Judge Douglas in *Watson,* supra:

"If we were to hold that the provisions for appeal after a trial and a conviction in a criminal case under Article 40.09, supra, should apply in habeas corpus proceedings, the State could delay the final decision for so long a time that our constitutional right to the habeas corpus relief could be suspended and made meaningless. According to appellant's contention and computation the minimum time for such appeal to reach this Court would be 150 days after the giving of the notice of appeal."

Why does Judge Douglas disavow today what he acknowledged in *Watson,* and why do the majority overrule that case *sub silentio* ? The adverse impact on the criminal justice system feared by the majority from following the legislative mandate in Art. 44.34 is inconsequential when contrasted with the impact of ignoring it, which was so well described in the words of Judge Douglas quoted above.

I respectfully dissent.

ROBERTS and PHILLIPS, JJ., join this opinion.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

Before the court en banc.

ODOM, Judge.

This is an appeal from an order in a habeas corpus proceeding denying a reduction of bail pending appeal.

On original submission the judgment was affirmed because the record did not include

---

1. Article I, Section 12, of the Texas Constitution provides:

"The writ of habeas corpus is a writ of right, and shall never be suspended. *The Legislature shall enact laws to render the remedy speedy and effectual."* (Emphasis added.) See also Art. 44.36, V.A.C.C.P.

a transcription of the court reporter's notes. By motion for rehearing it has been made to appear that appellant did secure a transcript of the court reporter's notes and did present that material to the clerk for inclusion in the record on appeal, yet the clerk failed to enclose it when the record was sent to this Court. The complete record is now before the Court and will be considered.

■ The record reflects appellant was convicted by a jury of four offenses joined for trial. The indictments alleged the same date for the commission of the three robberies and one aggravated assault on the arresting police officer. Punishment was ten years in each, to run concurrently. Bail was set at $10,000 in each case.

Appellant was the only witness to testify at the hearing on the application for a reduction of bail. He testified regarding his family ties to the community, his work history and time in the service, and absence of a prior criminal record. He also testified that his family members are willing to help him make bail, and that $2500 per case, or a total of $10,000, is the amount they would be able to make.

In view of the fact that appellant was found guilty in four cases, we do not consider $40,000 bail to be excessive.

We find no abuse of discretion and deny relief.