**Order issued February 10, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00126-CR

————————————

## EX PARTE DAVID SIDNEY MCKEAND, Appellant

---

**On Appeal from the County Criminal Court at Law No. 10**
**Harris County, Texas**
**Trial Court Case No. 1932729**

---

## MEMORANDUM ORDER

Appellant, David Sidney McKeand, challenges the trial court's denial of his application for writ of habeas corpus in relation to his conviction for driving while intoxicated ("DWI"). This Court issued its original opinion in this case on August 5, 2014. Appellant subsequently moved for rehearing.

In our August 5, 2014 opinion, we affirmed the trial court's denial of habeas relief on the basis that, by failing to file a complete record, appellant presented nothing for our review and thus failed to meet his burden to prove that he was entitled to relief by a preponderance of the evidence. *See Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002) (holding that, in proceeding to review denial of application of writ of habeas corpus, applicant bears burden of proving that he is entitled to relief by preponderance of evidence); *Ex parte Henderson*, 565 S.W.2d 50, 51–52 (Tex. Crim. App. 1978) (holding that trial court's judgment in habeas corpus proceeding will be affirmed if appellant fails to request or, if appellant is able to do so, pay for reporter's record); *In re Mott*, 137 S.W.3d 870, 875 (Tex. App.—Houston [1st Dist.] 2004, orig. proceeding) (holding that, in absence of reporter's record, appellate court considering trial court's denial of habeas corpus application will presume that there was evidence to support trial court's judgment).

Following the issuance of our August 5, 2014 opinion and judgment, appellant filed the reporter's record of the hearing on his application for writ of habeas corpus and a motion for rehearing. He argued that all of the evidence considered by the trial court was contained in his affidavit filed with his application for writ of habeas corpus and that his affidavit was sufficient to show

that he inadequately represented himself in his DWI case and that his plea was involuntary.

However, appellant's affidavit attached to his application provided only his unsupported statement that he provided ineffective representation to himself on the DWI offense and that he was coerced into entering the plea agreement by the State's threat to prosecute him on both the DWI offense and an additional felony evading arrest charge.

Appellant argues that he had a right to effective representation in the guilty-plea proceedings. *See Ex parte Reedy*, 282 S.W.3d 492, 500 (Tex. Crim. App. 2009). However, "when a convicted defendant has insisted upon self-representation, any subsequent claim of ineffective assistance of counsel is not to be considered." *Perez v. State*, 261 S.W.3d 760, 766 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). Appellant represented himself pro se in the underlying DWI proceedings, and he provides no argument or evidence that he requested and was denied appointed counsel or that he was improperly admonished regarding the consequences of proceeding pro se. Accordingly, we cannot consider his claim of ineffective assistance of counsel. *See id.*

Likewise, to assess the voluntary nature of a plea, a court must ask whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Solomon v. State*, 39 S.W.3d 704, 707 (Tex.

App.—Corpus Christi 2001, no pet.). However, appellant has provided no evidence beyond his conclusory statement that his plea was coerced to support his claim that his plea was involuntary. *See id.*; *see also Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006) ("An applicant seeking habeas corpus relief on the basis of an involuntary guilty plea must prove his claim by a preponderance of the evidence.").

Thus, nothing in the record meets appellant's burden of proving that he is entitled to relief by a preponderance of the evidence. *See Ex parte Richardson*, 70 S.W.3d at 870. Accordingly, we deny the motion for rehearing.

**PER CURIAM**

Panel consists of Justices Keyes and Huddle.[1]

---

[1] The Honorable Jim Sharp, former Justice of this Court, was a member of the Panel and participated in deciding this case. Because his term expired on December 31, 2014, he did not participate in deciding the motion for rehearing. *See* TEX. R. APP. P. 49.3 ("A motion for rehearing may be granted by a majority of the justices who participated in the decision of the case. Otherwise it must be denied.").