

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-0513-23

### Ex parte GUILLERMO GAYOSSO, Appellant

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE FOURTEENTH COURT OF APPEALS WALLER COUNTY

### KELLER, P.J., delivered the opinion for a unanimous Court.

The Damon Allen Act requires that a "public safety report" with certain information be prepared when a magistrate is considering the release on bail of a person charged with a Class B misdemeanor offense or higher.[1] The magistrate is required to "consider" the report "before setting bail."[2] The court of appeals appears not to have reviewed the public safety report.[3] We conclude

---

[1] TEX. CODE CRIM. PROC. art. 17.022(a), (c); *see* Acts 2021, 87th Leg. 2nd C.S., ch. 11 (S.B. 6), §§ 1, 5 ("Damon Allen Act").

[2] Art. 17.022(d)(1).

[3] *See Ex parte Gayosso*, 2023 Tex. App. LEXIS 3356, *7 n.3 (Tex. App.—Houston [14th Dist.] May 18, 2023).

that this was error.

The Damon Allen Act applies to "a person who is *arrested* on or after the *effective date*" of the Act.[4] The effective date for the relevant parts of the Act is January 1, 2022.[5] But the Act also has an exemption period. A magistrate is exempt from having to consider the public safety report during a bail consideration that takes place before April 1, 2022.[6]

The court of appeals says that it is unclear whether the Damon Allen Act applies to Appellant's case because the "record does not indicate when appellant was arrested."[7] The court of appeals is mistaken about that. During the bail habeas hearing, Appellant testified that he turned himself in by walking into the courtroom on February 15, 2022:

> Q. Okay. How long have you been in jail? Were you put in jail February 15th, around Valentine's Day?
>
> A. When I had the accident?
>
> Q. No, here in this case.
>
> A. I got -- when I walk in this courtroom it was February the 15th.
>
> Q. Now, did you know there was a warrant out for your arrest before you walked into this courtroom?
>
> A. Yes.
>
> Q. And did you know it was a one million dollar bail bond on that --
>
> A. Yes.

---

[4] Damon Allen Act § 24 (emphasis added).

[5] *Id.* § 25(a).

[6] TEX. CODE CRIM. PROC. art. 17.15(a-1).

[7] *Gayosso*, 2023 Tex. App. LEXIS 3356, at *7 n.3.

Q. -- on that warrant?

A. Yes.

Q. How long before you walked in the courtroom were you aware that that warrant had been issued? Approximate days or weeks?

A. Approximately a week, a week or so.

Q. So you had every opportunity to flee for a full week before you walked into the court?

A. Yes, I have the opportunity but I didn't because I knew I was -- I was doing the right thing to come over here in front of a judge and show him that I was not going anywhere because I know that I haven't committed any crime in almost 20 years I have been living in this country.

So, Appellant was arrested after the effective date of the Act.

The next question is whether the exemption applies. It did apply to the initial setting of bail at $500,000 that occurred on February 15, 2022, as it preceded April 1, 2022. But when the trial court reconsidered its bail decision and ultimately lowered bail to $250,000, it did so on June 16, 2022, which was after the April 1, 2022 exemption date.[8]

The court of appeals contends that it need not concern itself with whether the Damon Allen Act applies to Appellant's case because the "trial court considered appellant's criminal background history, which would have been drawn in part from the public-safety-report system," and that there was "no argument on appeal that the trial court did not consider all the circumstances or factors required by law."[9] But an appellate court must consider the complete record that was before the trial

---

[8] There is also an "expiration date" of June 1, 2022 within the exemption provision, *see* Art. 17.15(a-1), though its effect seems less than clear. In any event, the bail hearing on June 16, 2022 was after this expiration date.

[9] *Gayosso*, 2023 Tex. App. LEXIS 3356, at *7 n.3.

court in determining whether the bail determination was an abuse of discretion.[10]  If the trial court did not consider the public safety report required by statute, then it erred, though the court of appeals might be able to consider the issues of preservation and harm.  If the trial court did consider the public safety report required by statute, it was error for the court of appeals to not review the report.

The public safety report appears to be confidential information,[11] but a court of appeals can review it through the proper channels.

We refuse Appellant's petition without prejudice.  We grant review on our own motion, vacate the court of appeals's decision, and remand the case to it for further proceedings consistent with this opinion.

Filed: December 6, 2023

Publish

---

[10]  *See Ex parte Henderson*, 565 S.W.2d 50, 56-57 (Tex. Crim. App. 1978) (op. on reh'g) (appellate court considers the complete record before the trial court to determine whether there was an abuse of discretion in the amount of bail set).

[11]  *See* TEX. GOV'T CODE §§ 411.083, 411.084.