

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 8, 1972

Honorable K. Baker
District Attorney
Shelby-Panola Counties
P. O. Box 633
Carthage, Texas 75633

Opinion NO. M-1159

Re: Whether a court order
is required for tran-
scripts of individuals
in state and federal
penitentiaries under
a pauper's oath.

Dear Mr. Baker:

You have requested an opinion from our office on the following questions:

"Whether a court order is required for transcripts of individuals in state and federal penitentiaries under a pauper's oath."

Article 40.09, Sec. 5, Vernon's Code of Criminal Procedure, provides as follows:

"A party desiring to have included in the record a transcription of notes of the reporter shall have the responsibility of obtaining such transcription and furnishing same to the clerk in duplicate in time for inclusion in the record and defendant shall pay therefor. The court will order the reporter to make such transcription without charge to defendant if the court finds, after hearing in response to affidavit by defendant that he is unable to pay or give security therefor. Upon certificate of the court that this service has been rendered, payment therefor shall be made from the general funds by the county in which the offense is alleged to have been committed in a sum to be set by the trial judge. The court reporter shall report any portion of proceedings requested by either party or directed by the court." (Emphasis added.)

In Ex Parte Ambrose, 145 Tex.Crim. 582, 170 S.W.2d 731, 732 (1943), the appellant sought to excuse his failure to file a statement of facts by saying that he filed an affidavit of inability to pay for a transcript of the testimony but the court reporter failed to furnish the statement of facts. The Court thereupon overruled appellant's contention on the ground that it did not appear:

> ". . . that the affidavit of inability to pay for a transcript of the testimony was presented to the trial judge or that an order was made by the trial judge directing the court reporter to prepare, and to furnish the appellant, a transcript of the testimony.

> "In order for an accused to avail himself of the right to have the court reporter prepare a transcript of the testimony because of his inability to pay therefor, it is necessary not only that the affidavit comply with the statute, Vernon's Ann. C.C.P., Art. 760, sub division 6, but that it be called to the attention of the trial court, and the record must reflect. Fulton v. State, Tex. Civ.App., 101 S.W.2d 251 (1937), and authorities there cited."

In 1965, the Code of Criminal Procedure, including Articles 760 thereof, was revised, and the new Article 40.09 replaced the old Articles. In a Special Commentary thereunder, at pages 154-155 of Volume 5 of Vernon's Code of Criminal Procedure, the Honorable John F. Onion, Jr., says, in part:

> "If a pauper's oath is filed to obtain a transcript of the court reporter's notes on appeal, the court may conduct a hearing to determine indigency. If the record is ordered on a pauper's oath, the court reporter is to be paid in full by the county."

This removed a thorn in the side of court reporters in criminal cases who many times got nothing at all under former practice.

It is our conclusion that since the statute confers a discretion upon the presiding judge to order the court reporter to prepare the transcript either at the defendant's expense or at the expense of the county where an affidavit of inability to pay is filed, and the judge may either accept it or reject the affidavit and order a hearing thereon, the burden is upon the defendant both to present his affidavit and to obtain a court order thereon before the court clerk or reporter is required to prepare the record at county expense.

We therefore hold that neither a clerk of the court nor a court reporter is required to prepare and furnish any portion of the record to individuals confined in State and Federal Penitentiaries under a pauper's oath without the individual first making a timely request therefore, bringing the affidavit in forma pauperis to the trial court's attention, and obtaining a court order for the record.  An indigent seeking to avail himself of the benefit of this statute must not only act with diligence in filing the pauper's oath, but he must bring it to the attention of the trial court.  Ex Parte Thorbus, 455 S.W.2d 756, 758, 761 (Tex.Crim. 1970).

The Clerk has only such powers and duties as are expressly or impliedly conferred upon him by law.  47 Tex.Jur. 2d, 139-140, Public Officers, Sec. 106.  He has no duty or power to prepare the transcript for the indigent in the absence of an order by the trial court.

### S U M M A R Y

A Clerk of the Court, or a Court Reporter, is not required to prepare and furnish any portion of the record to individuals confined in State and Federal Penitentiaries under a pauper's oath in the absence of a court order.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Honorable K. Baker, page 4.    (M-1159)


Prepared by E. L. Hamilton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Ben Harrison
Harold Kennedy
Houghton Brownlee
Lewis Jones

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant